**Stephen F. AUSTIN, Individually and as Administrator of the Estate of Sophye Anne Austin, and Merwyn Austin Gipson, Appellants,**

v.

**Stanley D. ROSENBERG, et al., Appellees.**

**No. 04-86-00408-CV.**

Court of Appeals of Texas, San Antonio.

Oct. 21, 1987.

Rehearing Denied Nov. 18, 1987.

Mitchell R. Bearden, Dale Ossip Johnson, Austin, for appellants.

Ralph Longley, William T. Armstrong, III, Foster, Lewis, Langley, Gardner & Banack, Jack Hebdon, Sharon E. Callaway, Groce, Locke & Hebdon, David Stephenson, Richard R. Orsinger, San Antonio, for appellees.

Before ESQUIVEL, CANTU and REEVES, JJ.

REEVES, Justice.

Appellants, (plaintiffs) Stephen F. Austin, individually and as administrator of the estate of Sophye Anne Austin, and Merwyn Austin Gipson, bring separate appeals from the trial court's order of dismissal for want of prosecution. We reverse the judgment of the trial court.

Plaintiffs brought suit in the 131st District Court of Bexar County concerning real estate located in Bexar County. Gipson proceeded pro se in the trial court, as she does on appeal. A brief chronology of the pertinent actions in the trial court follows:

9-25-80 Austin's original petition filed.

10-14-80 Defendants' answer filed.

4-14-81 Austin's and Gipson's first amended original petition filed.

10-14-82 Austin requests production of documents.

6-14-83 Austin requests a special setting.

4-14-84 Austin moves to take defendant Rosenberg's deposition.

4-24-84 Austin files his notice of intent to take his former attorney's deposition.

12-11-85 Trial court issues its notice of setting on the dismissal docket for 1-20-86.

12-18-85 Austin's motion to retain filed.

1-20-86 Reset dismissal hearing for 1-24-86.

1-23-86 Austin requests an order on discovery.

1-24-86 Dismissal hearing.

2-26-86 Order entered prohibiting further discovery until Gipson deposition completed; case set for trial June 1986.

3-20-86 Austin moves to modify discovery order.

3-27-86 Order modified to permit written discovery before Gipson deposition completed.

3-31-86 Gipson files her interrogatories for defendants.

5-09-86 Dismissal docket set for June 1986 and order that plaintiffs file amended petitions by 5-15-86.

No date Dismissal hearing set for 5-24-86.

5-14-86 Defendants move to dismiss for want of prosecution.

5-15-86 Gipson files amended petition.

5-16-86 Austin files amended petition.

5-27-86 Dismissal hearing.

6-11-86 Austin moves for reinstatement.

6-16-86 Cause dismissed for want of prosecution. Hearing on motions to reinstate.

6-20-86 Motions to reinstate denied.

In May 1984, Gipson's oral deposition was interrupted and postponed by agreement of the parties so that she could retain counsel to represent her during the depositions and trial on the merits. However, Gipson did not hire an attorney and did not offer herself to complete the deposition. On April 18, 1986, the trial court ordered Gipson's deposition to proceed on April 21, 1986.

Several hearings occurred during 1986. One hearing resulted in the February 26th order prohibiting further discovery until completion of Gipson's deposition. Hearings in March and April concerned Gipson's production of requested discovery documents and her motion to terminate the taking of her deposition.

On May 9, 1986, Judge Williams signed an order following a dismissal hearing in which he ordered plaintiffs to file amended petitions by May 15th and, rather than ruling on the dismissal issue, specifically set the cause on the June 1986 dismissal docket. However, a day before plaintiffs' amended petitions were due to be filed, and just five days after Judge Williams' order, defendants filed another motion to dismiss the case for want of prosecution which was presented to Judge Onion. He set a hearing on the dismissal for May 27, 1986. Judge Onion granted the motion and ordered the dismissal of the case. However, this order was not signed by the judge until June 16. Also on June 16, Judge Onion held an evidentiary hearing on plaintiffs' motions to reinstate and for rehearing. Both motions were overruled. Plaintiffs timely perfected their separate appeals.

■ A trial court has the inherent power to dismiss a suit for the plaintiff's failure to prosecute it with due diligence. *Veterans' Land Board v. Williams*, 543 S.W.2d 89, 90 (Tex.1976). A motion to reinstate a case is addressed to the trial court's discretion, and his or her order will not be disturbed absent an abuse of discretion. *Price v. Firestone Tire & Rubber Co.*, 700 S.W.2d 730, 732 (Tex.App.—Dallas 1985, no writ). The supreme court held that

> The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles.... Another way of stating the test is whether the act was arbitrary or unreasonable.

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert.*

*denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986) (citations omitted).

Judge Williams neither granted nor denied plaintiffs' motion to dismiss in May 1986. He carried the case on to the June dismissal docket and ordered plaintiffs to file amended petitions, to which order they complied. We find the trial court acted arbitrarily and abused its discretion in setting and holding a hearing during the pendency of and contrary to another judge's order.

The judgment of dismissal is reversed, the cause is ordered reinstated and remanded to the trial court for trial on the merits.