James SHOOK, Individually and as
Surviving Parent of Keith Dwain
Shook, Deceased, Appellant,

v.

GILMORE & TATGE MANUFAC-
TURING COMPANY, INC., et
al., Appellees.

No. 10–96–237–CV.

Court of Appeals of Texas,
Waco.

Sept. 3, 1997.

Rehearing Overruled Oct. 1, 1997.

Larry Warner, Brownsville, for appellant.

David R. Poage, Jane Nenninger Bland, Macey Reasoner Stokes, Baker & Botts, L.L.P., Houston, Kevin J. Cook, Gary W. Maxfield, Payne & Blanchard, L.L.P., Dallas, for appellees.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

On June 28, 1996, the trial court dismissed the suit filed by the appellant, James Shook, for want of prosecution. Shook appeals, claiming that the trial court abused its discretion in failing to reinstate his suit. In one point of error Shook asserts that the trial judge erred in not reinstating, contending the evidence introduced during the reinstatement hearing showed the failure of Shook's attorney to appear at a pretrial hearing was not intentional or the result of conscious indifference. *See* TEX.R. CIV. P. 165a.

Suit was originally filed after Shook's son, Keith, and two other men were killed in a July 1986 accident when the grain auger the men were using contacted a high voltage power line. In April 1991 the trial court struck Shook's pleadings and dismissed his suit as a sanction against Shook for making numerous harassing and threatening telephone calls to the defendants and their attorneys. This court reversed the trial court's "death penalty" sanction because the trial court had not considered a lesser sanction other than the dismissal of Shook's causes of action, which appeared to have merit. *Shook v. Gilmore & Tatge Mfg. Co.*, 851 S.W.2d 887, 893 (Tex.App.—Waco 1993, writ denied).

Two years after this case was remanded to the trial court, in December 1995, one of the defendants, Owen Smith, filed a motion to dismiss, asserting that Shook had not diligently prosecuted the case. The trial court did not dismiss the case, but rather set an August 6, 1996, trial date with a pretrial hearing to be held on June 25, 1996. When Shook's attorney did not appear at the June 25 pretrial hearing, the trial court signed an order dismissing the case for want of prosecution "[d]ue to the failure of the Plaintiff to appear." After learning of the dismissal Shook timely filed a verified motion seeking reinstatement of the case.

At the reinstatement hearing Shook's attorney presented evidence seeking to persuade the trial judge that his failure to attend the pretrial hearing was not intentional or the result of conscious indifference. *See* TEX.R. CIV. P. 165a(3). Shook's attorney, John Gladney, explained that the hearing date had been placed only on the calendar of Roberto Flores, the attorney handling the case when the notice was received, but it had not been put on the office's master calendar. Then when Flores left the law firm, the dates on his calendar, including the June 25 hearing date, were transferred to the calendar of Peter Kreisner, the managing partner of the law firm. Later Kreisner transferred the case to Gladney; however, the hearing date was not transferred from Kreisner's calendar to Gladney's calendar. Instead, Gladney testified, he asked the firm's legal assistant about upcoming hearings, and she informed him that none were set, after consulting the office's master calendar on which the hearing did not appear.

The trial court denied Shook's motion to reinstate the suit. In the order denying reinstatement, the judge found that the failure of Shook's attorney to appear at the pretrial hearing was consciously indifferent because timely notice of the hearing was given and various members of the firm representing Shook knew of the pretrial setting. The trial judge also found that Shook had

failed to diligently prosecute the suit. The judge filed findings of fact and conclusions of law consistent with his order denying reinstatement.

■ Before addressing Shook's one point of error claiming that the trial judge erred in finding that the failure of Shook's attorney to appear at the pretrial hearing was consciously indifferent, we must consider the appellees' reply point of error, which contends that the trial court's dismissal should be affirmed simply on the ground that Shook has not diligently prosecuted this case, pointing out that Shook has not claimed otherwise on appeal. The trial court's authority to dismiss for want of prosecution is derived both from the court's inherent power and from the Rules of Civil Procedure. *Ozuna v. Southwest Bio-Clinical Lab.,* 766 S.W.2d 900, 901 (Tex.App.—San Antonio 1989, writ denied); *see* TEX.R. CIV. P. 165a(4). The trial court has the inherent power to dismiss a suit if the case is not prosecuted with due diligence. *See MacGregor v. Rich,* 941 S.W.2d 74, 76 (Tex.1997); *Clark v. Yarbrough,* 900 S.W.2d 406, 408 (Tex.App.—Texarkana 1995, writ denied); *Austin v. Rosenberg,* 740 S.W.2d 62, 64 (Tex.App.—San Antonio 1987, writ denied). This inherent power to dismiss a case is in addition to the court's power to dismiss for a party's failure "to appear for any hearing or trial of which the party had notice." TEX.R. CIV. P. 165a(1); *see Ozuna,* 766 S.W.2d at 901.

■ If a case is dismissed and the trial court's order simply states that the dismissal is for "want of prosecution" but does not specify a reason for the dismissal, on appeal the dismissal will be affirmed if any proper ground supports the dismissal.[1] *City of Houston v. Thomas,* 838 S.W.2d 296, 297 (Tex.App.—Houston [1st Dist.] 1992, no writ); *see MacGregor,* 941 S.W.2d at 76 n. 2. However, if the dismissal order lists a particular reason for the dismissal, then the appellate court's review is limited to whether the dismissal was proper based on the ground specified by the trial court. *See Clark,* 900

S.W.2d at 410 (finding that the trial court's dismissal was based only on Rule 165a(1)). Therefore, after the trial court has issued an order stating only that a case has been dismissed for "want of prosecution" without specifying the basis for the dismissal, the plaintiff, in seeking reinstatement of the case, bears the burden to show at the reinstatement hearing that the standard for reinstatement of the case has been met for all possible grounds for the trial court's dismissal. *See* Martin R. Merritt & Tahira K. Merritt, *Rule 165a Dismissal for Want of Prosecution,* 60 TEX. B.J. 555, 558 (1997); *see also Kenley v. Quintana Petroleum Corp.,* 931 S.W.2d 318, 321 (Tex.App.—San Antonio 1996, writ denied) ("The party requesting reinstatement has the burden to bring forth a record establishing that reinstatement was required."). However, if the trial court's order of dismissal for want of prosecution clearly states the reason for the dismissal and the trial judge does not give the plaintiff notice that additional grounds for dismissal will be considered in deciding whether to reinstate the case, then the plaintiff only has the burden to prove his entitlement to reinstatement for the stated reason listed in the court's dismissal order. *See Goff v. Branch,* 821 S.W.2d 732, 736 (Tex.App.—San Antonio 1991, writ denied) (holding that the trial court cannot invoke its inherent power after a dismissal based on Rule 165a(1) when no prior notice is given). For example, if the trial court's order states that the plaintiff's suit has been dismissed because the plaintiff failed to appear at a hearing, then in order to have the case reinstated the plaintiff's attorney must simply prove at the reinstatement hearing that his failure to appear was not intentional or the result of conscious indifference as required by Rule 165a(3); the plaintiff is not required to address whether reinstatement would be proper under other grounds for dismissal which were not specified by the trial judge as reasons for the dismissal of the case. *See id.; see also* TEX.R. CIV. P. 165a(3).

---

1. In addition to dismissals for lack of due diligence or failure to appear, Rule 165a(2) also provides for a dismissal for want of prosecution when a party violates the Supreme Court of

Texas' time standards for proceeding to trial. TEX.R. CIV. P. 165a(2); *see City of Houston v. Robinson,* 837 S.W.2d 262, 264 (Tex.App.—Houston [1st Dist] 1992, no writ).

■ In the instant case, the trial court's order of dismissal for want of prosecution states:

> On June 25, 1996, came on to be heard the above-styled and numbered cause pursuant to the Court's previous notification to the parties to appear for a pretrial conference. The Defendants, through their respective attorneys of record, appeared at the appropriate time and place for such pretrial conference. However, neither the Plaintiff, James Shook, nor any counsel on his behalf appeared or participated in the pretrial conference. *Due to the failure of the Plaintiff to appear,* the Court is of the opinion that the above matter should be dismissed for want of prosecution. (emphasis added).

This dismissal order specifies that the reason for the dismissal of the case was the failure of Shook's attorney to appear at the June 25 pretrial hearing, and thus, at the reinstatement hearing Shook was only required to comply with Rule 165a(3)'s requirement that he prove his attorney's failure to appear at the hearing was not intentional or the result of conscious indifference in order to have the case reinstated. *See* TEX.R. CIV. P. 165a(3). Nowhere in the transcript or statement of facts does the trial judge give Shook notice, prior to or during the reinstatement hearing, that the diligence of prosecution would be a factor in the judge's deciding whether to reinstate the case. Because Shook was without notice that the diligence of his prosecution would be considered by the judge in making the reinstatement decision, Shook was effectively denied any opportunity to present evidence showing that the case had been prosecuted with diligence.

Consequently, we decline to affirm this case simply on the failure of Shook to prosecute this suit with diligence without addressing whether the trial judge erred in finding that the failure of the plaintiff to appear was intentional or the result of conscious indifference. The trial court's dismissal order clearly based the dismissal for want of prosecution on the failure of Shook's attorney to appear at the June 25 hearing. Therefore, Shook was not given notice that the trial judge would deny reinstatement based on a lack of diligent prosecution. Appellees' reply point is overruled.

■ Shook's single point of error asserts that the trial judge erred in overruling his motion to reinstate based on the court's finding that the failure of Shook's attorney to appear at the June 25 pretrial hearing was the result of conscious indifference. *See* TEX.R. CIV. P. 165a(3). Rule 165a(3) states that if an attorney's failure to appear is the result of an accident, mistake, or is reasonably explained then the trial court should reinstate the case, but a party is not entitled to reinstatement if the trial court finds that the failure to appear was intentional or the result of conscious indifference. *Id.* An attorney's failure to appear due to conscious indifference means that the failure must have been caused by "more than mere negligence." *Smith v. Babcock & Wilcox Constr. Co.,* 913 S.W.2d 467, 468 (Tex.1995).

■ On appeal the trial judge's dismissal for want of prosecution will be sustained absent a clear abuse of discretion. *MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex.1997). During the reinstatement hearing the trial judge acts as the finder-of-fact in weighing the credibility of the witnesses' testimony to determine whether the attorney's failure to appear was accidental or the result of conscious indifference. *See Clark v. Yarbrough,* 900 S.W.2d 406, 409 (Tex.App.—Texarkana 1995, writ denied); *Burns v. Drew Woods, Inc.,* 900 S.W.2d 128, 130 (Tex.App.—Waco 1995, writ denied).

■ At the reinstatement hearing, the attorneys on both sides of this case vigorously contested whether the failure of Shook's attorney to appear resulted from conscious indifference. Shook contends that the failure to appear was merely an accident caused by the breakdown of a good calendaring system. However, the appellees presented evidence seeking to show that the attorney's failure to appear was the result of more than a single mistake, but rather resulted from a pattern of errors and inattention to the trial court's notice of this pretrial hearing.

After reviewing the record of the reinstatement hearing, we are unable to conclude that the trial judge clearly abused his discre-

tion in finding that the failure of Shook's attorney to appear at the pretrial hearing was the result of conscious indifference. First, Gladney, the attorney who was ultimately assigned the case after it was transferred from Flores to Kreisner, claims that he did not have any notice of the hearing because the firm's legal assistant told him there were no pretrial settings. However, Gladney admitted during the reinstatement hearing that after he was assigned the Shook case he reviewed the entire Shook file, which contained the pretrial notice from the court, to familiarize himself with the case. During this review Gladney stated that he did not find and record the notice, but said that he must have mistakenly overlooked the trial court's notice of the pretrial hearing in reviewing the file. Also, after taking over the case, Gladney did not have a legal assistant transfer the dates on Kreisner's calender regarding the Shook case to his own calendar, as had been done when the case was transferred from Flores to Kreisner. Second, Kreisner, the managing partner of the law firm, had the June 25 hearing date listed on his calendar, but he testified that he did not pay any attention to the setting because he was no longer handling the case. Therefore, he did not remind Gladney of the setting, nor did he have his paralegal transfer the date to Gladney's calendar. Third, several members of the law firm's legal staff were aware of the pretrial setting. The de-fense attorney for Owen Smith, David Poage, testified that in May a law clerk working at Kreisner & Gladney called him to discuss the case. Poage stated that during the telephone conversation he mentioned the June 25 pretrial hearing, but the law clerk was unaware of the setting and the law clerk said he would check the file before getting back in touch with Poage regarding the case. Also, Claudia Lott, the firm's legal assistant who told Gladney there were no pretrial settings, actually knew of the setting because she had originally recorded the date on Flores' calendar. Tanya Grodsky, Kreisner's paralegal, also knew of the setting because she had transferred the date from Flores' calendar to Kreisner's calendar.

Consequently, we find that the trial judge's action in refusing to reinstate Shook's case was not a clear abuse of discretion. The trial judge, acting as the finder-of-fact, could have reasonably found that Gladney's failure to appear at the hearing was not simply an isolated act of negligence but was the result of conscious indifference.

The judgment is affirmed.