**RAMPART CAPITAL CORPORATION,**
Appellant,

v.

**Jack R. MAGUIRE and Margaret C. Maguire, Appellees.**

**No. 04–96–01033–CV.**

Court of Appeals of Texas,
San Antonio.

April 29, 1998.

---

Stephen G. Scholl, Jeffrey J. Brookner, Hirsch & Westheimer, P.C., Houston, for appellant.

Dennis K. Drake, E. Conry Davidson, Law Offices of Dennis K. Drake, San Antonio, for appellee.

Before STONE, GREEN and DUNCAN, JJ.

## OPINION

GREEN, Justice.

Rampart Capital Corporation (Rampart) sued Jack and Margaret Maguire to collect a promissory note. Rampart appeals the trial court's order dismissing its suit for want of prosecution and the trial court's subsequent order denying reinstatement. Finding no error, we affirm.

### Background

Rampart sued the Maguires in September 1994, and it sent them discovery in February 1995. The trial court sent a dismissal notice in May 1996, but Rampart did not take any additional action until August when it obtained a trial setting. Nonetheless, the Maguires moved to dismiss the suit for want of

prosecution. The trial court denied the motion; but, on its own motion, it set the case for a second dismissal hearing. After the hearing, the trial court dismissed the suit for "good and sufficient reason."

Rampart moved to reinstate because (1) it had requested a trial setting; and (2) it had diligently prosecuted the Maguire case by initiating a separate suit to establish title to the Maguire note. The verified motion showed Rampart had filed the endorsement suit in September 1995 and had received a favorable summary judgment in October 1996. The trial court denied the motion to reinstate and Rampart appealed.

### Dismissal

■ In its first three points of error, Rampart challenges the trial court's order dismissing its suit for want of prosecution. During oral argument, Rampart conceded that, in the absence of a reporter's record, we could not find error. *See Goff v. Branch*, 821 S.W.2d 732, 733 (Tex.App.—San Antonio 1991, writ denied); *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 843–44 (Tex.App.—San Antonio 1989, writ denied). We agree and overrule Rampart's first three points of error.

### Reinstatement

#### 1. Standard and Scope of Review

In its remaining points of error, Rampart contends the trial court erred in denying its motion to reinstate because it obtained a trial setting, complied with state litigation guidelines, and prosecuted its suit diligently. In responding to these points, the Maguires complain Rampart improperly addresses Rule 165a. We disagree with the Maguires' limitation of the issues on appeal.

■ A trial court has inherent authority to dismiss a case that has not been prosecuted with due diligence. *Ozuna v. Southwest Bio–Clinical Labs.*, 766 S.W.2d 900, 901 (Tex. App.—San Antonio 1989, writ denied). Additionally, Rule 165a expressly empowers a trial court to dismiss a case when (1) a party fails to appear at a trial or hearing; or (2) a case is not disposed of within the Texas

Supreme Court's time standards. Tex.R. Civ. P. 165a(1–2); *Ozuna*, 766 S.W.2d at 901.

■ Although we review the trial court's ruling on a motion to reinstate with the abuse of discretion standard, *Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex.App.—San Antonio 1996, writ denied), the scope of our review depends on whether the dismissal order specifies the basis for dismissal. *Shook v. Gilmore & Tatge Mfg. Co.*, 951 S.W.2d 294, 296 (Tex.App.—Waco 1997, pet. denied); *City of Houston v. Robinson*, 837 S.W.2d 262, 264 (Tex.App.—Houston [1st Dist] 1992, no writ). If the order is silent, the plaintiff seeking reinstatement must negate all possible grounds for dismissal, including whether the dismissal was prompted by a lack of due diligence in prosecuting the suit, failure to appear at trial or a hearing, or violation of the Supreme Court's time standards. *See Shook*, 951 S.W.2d at 296. If, however, the dismissal order lists a specific ground, the plaintiff seeking reinstatement must negate only the reason stated in the dismissal order. *See id.*

In this case, the dismissal order does not specify a reason for dismissal. Thus, Rampart must negate all possible grounds for dismissal, whether based on inherent or express authority. It therefore did not improperly address Rule 165a. However, we decline to discuss whether Rampart failed to appear or comply with Supreme Court guidelines because its lack of diligence is sufficient to affirm the trial court's order denying reinstatement.

#### 2. Due Diligence

Rampart argues that its trial setting request removed the trial court's discretion to dismiss its suit. It also argues that activity in a related matter demonstrates its diligence in prosecuting this suit. The Maguries maintain that neither fact is dispositive. We agree with the Maguires.

■ In resolving the question of due diligence, the court may consider the entire history of the litigation, including the existence of a belated trial setting, periods of inactivity, passage of time, and reasons for lack of attention. *Ozuna*, 766 S.W.2d at 902.

No single factor is dispositive, including the request for a trial setting. *Bard*, 767 S.W.2d at 843; *Ozuna*, 766 S.W.2d at 902. Because balancing these factors is a factual issue, we may not substitute our judgment for that of the trial court. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992).

■ In this case, Rampart did not request a trial setting until two months after it received notice of the dismissal hearing. Although Rampart actively prosecuted the endorsement suit, it admitted sixteen months of inactivity in the Maguire suit. Given these facts, we cannot conclude the trial court abused its discretion. *Cf. MacGregor v. Rich*, 941 S.W.2d 74, 75–76 (Tex.1997) (finding no abuse of discretion in dismissing suit where plaintiffs failed to notify defendants of separate bankruptcy proceedings); *Ozuna*, 766 S.W.2d at 902 (finding no abuse of discretion in dismissing suit where, during 19–month delay, plaintiff pursued separate grievance). Accordingly, we overrule Rampart's fourth and fifth points of error regarding its due diligence. We decline to address those portions of the points of error regarding compliance with Rule 165a.

## Sanction

In its sixth point of error, Rampart maintains the dismissal was an improper sanction under *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991). Rampart apparently relies on *TransAmerican* because, in *Goff*, we referred to *TransAmerican* as "instructive … since a dismissal for want of prosecution, by any name, results in a 'death penalty.'" *Goff*, 821 S.W.2d at 738. Recently, however, the Supreme Court declined to address whether *TransAmerican* applied outside the context of discovery sanc-

tions. *MacGregor*, 941 S.W.2d at 75. Instead, the Supreme Court held that, when the trial court's dismissal order appears to be either a sanction or dismissal for want of prosecution, the court of appeals should construe it as a dismissal for want of prosecution. *Id.* at 76. We therefore decline to apply *TransAmerican* in this case, and we overrule Rampart's sixth point of error.

## Conclusion

Having overruled all points of error, we affirm the trial court's orders dismissing Rampart's suit and declining to reinstate it.

DUNCAN, Justice, dissenting.

I respectfully dissent. In my view, the trial court's dismissal of this suit for want of prosecution constituted an abuse of discretion. I would therefore reverse the trial court's judgment and remand this case for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

This suit is one of thirty-seven lawsuits filed by Rampart in September 1994 against the limited partners of Perrin Oaks, Ltd. to collect on the promissory notes given by the limited partners to Perrin Oaks as their sole capital contributions. Although Rampart had acquired the notes by virtue of a series of transactions not relevant to the issue now before this court,[3] it was not a "holder" of the notes because they had not been properly indorsed by Perrin Oaks or its general partner. *See* TEX. BUS. & COM.CODE ANN. § 3.203 (Vernon Supp.1998).

In March 1995, the Maguires filed their objections and answers to Rampart's initial

---

2. The material facts were set forth by Rampart's attorney in his verified motion to reinstate and at the reinstatement hearing without objection or dispute by the Maguires. *See Banda v. Garcia*, 955 S.W.2d 270 (Tex.1997) (per curiam) (when attorney places opposing counsel and trial court on notice that its recitations of fact to the court are intended as evidence, and opposing counsel fails to object to trial court's failure to administer oath to attorney, the trial court may consider an attorney's unsworn testimony as evidence).

3. Perrin Oaks, Ltd. conveyed one-third of each of the notes to each of the three general partners comprising the general partnership that was Perrin Oak's general partner. These men then gave the notes to Trinity National Bank as collateral for a loan to the general partnership. When Trinity National Bank later become insolvent, it transferred its collateral interest in the notes to its receiver, the Federal Deposit Insurance Corporation, which ultimately sold the collateral interest to Rampart. Rampart subsequently foreclosed on its collateral interests and became the owner of the notes.

discovery requests. The Maguires' discovery responses, as well as those of certain other limited partners, revealed they would dispute Rampart's ownership of the notes. Rampart thus faced a choice—it could litigate its ownership of the relevant note in each of the lawsuits in which its ownership was disputed or it could file a single lawsuit to establish its status as the owner and holder of all of the notes. *See id.* § 3.203(b)-(c). For obvious efficiency reasons, Rampart chose the latter course and, in September 1995, filed an indorsement suit against the defunct limited partnership and its general partner—the only necessary parties. Although Rampart did not notify either the limited partners or the trial court that it had filed the indorsement suit, the Maguires and several of the other limited partners learned of the suit through other means and intervened.

The indorsement suit was, by its nature, a relatively simple proceeding. But its progress was delayed by Rampart's "numerous failed efforts at serving [the general partner]"; the intervenors' request for a sixty-day extension of time to respond to Rampart's motion for summary judgment, which was filed March 12, 1996; the intervenors' subsequent request for a continuance of the summary judgment hearing; and the intervenors' motion to abate the summary judgment hearing for two weeks.

During this period of delay, on May 5, 1996, the trial court clerk sent Rampart notice that this case and other of its limited partner suits would be dismissed for want of prosecution at a hearing scheduled for June 11. At the June 11 hearing, however, the trial court reset the dismissal hearing for October 8, 1996; accordingly, another dismissal notice for the reset hearing issued a couple of days later. Thereafter, in a letter dated August 22, Rampart requested that all twelve of the limited partner suits that remained pending be set for a jury trial on April 14, 1997 at 8:30 a.m. In this suit against the Maguires, the trial court, on September 10, 1996 set the case for trial on June 16, 1997, at 8:30 a.m.

On September 19, the Maguires, with full knowledge of the indorsement suit and their part in the delay in its progress, and despite the fact that the dismissal hearing had been reset and this case had been set for trial, filed a motion to dismiss for want of prosecution. This motion was heard and denied on October 11 by the same judge who had earlier set the case for trial. Shortly thereafter, on October 15, 1996, Rampart's motion for summary judgment in the indorsement suit was finally heard and granted. But then, on November 6, 1996, another judge dismissed the suit for want of prosecution.

## STANDARD OF REVIEW

We review a dismissal for want of prosecution under an abuse of discretion standard. *E.g., MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex.1997) (per curiam). "With respect to resolution of factual issues or matters committed to the trial court's discretion," an abuse of discretion is shown only when "the trial court could reasonably have reached only one decision," and it failed to do so. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). But "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id.* at 840. Whether a party has exercised due diligence in prosecuting its case is a question of fact. *See MacGregor,* 941 S.W.2d at 75–76.

## DISCUSSION

In my view, the record supports only one conclusion—Rampart diligently prosecuted this case against the Maguires by conducting discovery, initiating and prosecuting the indorsement suit to judgment, and obtaining a trial setting as soon as was reasonably practicable under the circumstances. The sixteen-month delay was caused, in large measure, by the Maguires' actions in disputing Rampart's ownership of the note and in intervening and then delaying a judgment in the indorsement suit—actions I believe have been shown by the trial court's summary judgment to be objectively unreasonable. Accordingly, I would reverse the trial court's judgment and remand this case for further proceedings. Because the majority fails to do so, I respectfully dissent.