NO. 12-01-00323-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


FERNANDO IRIZARRY,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


ALVIN JONES,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

PER CURIAM


 Appellant Fernando Irizarry ("Irizarry") filed a lawsuit against Appellee Alvin Jones
("Jones") seeking actual and compensatory damages for fraud and conversion of personal property. 
Both parties are inmates in the Texas Department of Criminal Justice-Institutional Division. Irizarry
contended that Jones stole a letter that he was mailing and changed the wording for his own benefit. 
Irizarry received correspondence from the addressee indicating that, following Irizarry's instructions,
the addressee had deposited $9,000.00 into a third inmate's trust account. Irizarry suspected Jones
of altering the letter and contended that the $9,000.00 deposit benefitted Jones. The trial dismissed
Irizarry's lawsuit for want of prosecution. We affirm.

 The lawsuit was filed February 13, 1996. Jones filed an answer and a motion to dismiss on
April 1, 1996. Irizarry filed an amended petition on May 2, 1997. The trial court denied a request
for joinder and for additional free service. Irizarry filed discovery documents on January 28, 1998. 
They were never answered. Jones moved to dismiss on June 4, 2001. The trial court initially
granted the motion on June 8, 2001, but entered an order setting aside the dismissal on June 25,
2001. The trial court dismissed the cause for want of prosecution on August 22, 2001. The case sat
on the trial court's docket for five years and six months.

 The decision to dismiss a case for want of prosecution rests within the sound discretion of
the trial court, and will be disturbed on review only if it amounted to a clear abuse of discretion.
MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997); State v. Rotello, 671 S.W.2d 507, 508-09 (Tex.
1984); Coleman v. Lynaugh, 934 S.W.2d 837, 838 (Tex. App.-Houston [1st Dist.] 1996, no writ).
A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it
acts without reference to any guiding principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223,
226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
If the trial court's order dismissing a case for want of prosecution does not specify a particular reason
for the dismissal, the appellate court will affirm if any proper ground supports the dismissal. Shook
v. Gilmore & Tatge Mfg. Co., 951 S.W.2d 294, 296 (Tex. App.-Waco 1997, pet. denied); City of
Houston v. Thomas, 838 S.W.2d. 296, 297 (Tex. App.-Houston [1st Dist.] 1992, no writ).

 When deciding whether to dismiss a case for want of prosecution, the court may consider the
amount of activity in the case, the length of time the case was on file, requests for a trial date, and
the existence of reasonable excuses for delay. Bilnoski v. Pizza Inn, Inc. 858 S.W.2d 55, 56 (Tex.
App.-Houston [14th Dist.] 1993, no writ); see City of Houston, 838 S.W.2d at 298 (not abuse of
discretion to dismiss case for want of prosecution when only activity in one year since case filed was
filing of petition and request for service; service not achieved and no evidence showing diligence
in attempting service). Recent activity in a case is not necessarily enough to defeat a dismissal for
want of prosecution; the court may consider the entire history of the case in exercising its discretion.
Garcia v. Mireles, 14 S.W.3d 839, 842 (Tex. App.-Amarillo 2000, no pet.); Rotello, 671 S.W.2d
at 509. A pro se litigant must prosecute his case with diligence. Coleman, 934 S.W.2d at 838. (1)

 There cannot be two sets of procedural rules, one for litigants with counsel and the other for
litigants representing themselves. Litigants who represent themselves must comply with the
applicable procedural rules, or else they would be given an unfair advantage over litigants
represented by counsel. Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978);
Chandler v. Chandler, 991 S.W.2d 367, 378-79 (Tex. App.-El Paso 1999 (pet. denied), cert. denied,
120 S. Ct. 1557 (April 3, 2000).

 The burden of proof rests upon a litigant asserting an abuse of discretion because the
appellate court presumes that the trial court's action was justified. Hosey v. County of Victoria, 832
S.W.2d 701, 704 (Tex. App.-Corpus Christi 1992, no writ); Fulmer v. Barfield, 480 S.W.2d 413,
415 (Tex. Civ. App.-Tyler 1972, writ dism'd w.o.j.). The party requesting reinstatement has the
burden to bring forward a record showing reasons for reinstatement. Shook, 951 S.W.2d at 296;
Kenley v. Quintana Petroleum Corp., 931 S.W.2d 318, 321 (Tex. App.-San Antonio 1996, writ
denied). Although a motion to reinstate is not required for appeal, it may be used to develop facts
not otherwise in the record. Maida v. Fire Ins. Exch., 990 S.W.2d 836, 838 n. 1 (Tex. App.- Fort
Worth 1999, no pet.); Hosey, 832 S.W.2d at 703.

 Irizarry offers no valid reasons as to why the case remained on the trial court's docket for five
years and six months without his moving the case to trial. Accordingly, we affirm the trial court's
order of dismissal.


Opinion delivered August 30, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.



















(DO NOT PUBLISH)
1. Pro se litigants are not excused from complying with applicable rules of procedure: "Neither is it [the right
of self-representation] a license not to comply with the relevant rules of procedural and substantive law." Faretta v.
California, 422 U.S. 806, 834 n. 46 (1975). As stated by the Texas Supreme Court: