NO. 07-02-0314-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 26, 2003

_____

CHARLES L. CARR,

Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 86,950-E; HON. ABE LOPEZ, JUDGE

_____

*Memorandum Opinion*

_____

Before JOHNSON, CJ., and QUINN and REAVIS, JJ.

Appellant Charles L. Carr (Carr), an indigent inmate in the Texas Department of Criminal Justice (the Department), appeals from an order dismissing his suit for want of prosecution. Through two issues, he contends that the trial court abused its discretion in 1) dismissing the cause, 2) granting the Department's motion to quash his deposition notices, and 3) failing to rule on other motions filed by him.[1] We affirm the dismissal.

_____

[1]We note that the Department did not favor us with an appellate brief responding to that of Carr.

### Issue One -- Dismissal for Want of Prosecution

*Standard of Review*

Whether the trial court erred in dismissing the suit depends upon whether it abused its discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). It abuses its discretion when it acts without reference to any guiding rules or principles or if the action is arbitrary or unreasonable. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex. 1990); *Nawas v. R & S Vending*, 920 S.W.2d 734, 737 (Tex. App.--Houston [1st Dist.] 1996, no writ). Furthermore, if, as here, the order of dismissal specifies no reason for the dismissal other than for want of prosecution, the dismissal must be affirmed if any proper ground supports the decision. *Shook v. Gilmore & Tatge Mfg. Co.,* 951 S.W.2d 294, 296 (Tex. App.--Waco 1997, pet. denied). Thus, the appellant has the burden to address each possible reason for dismissal and explain why none support the dismissal. *See id.* (stating that one seeking reinstatement bears the burden to show that the standard for reinstatement has been met for all possible grounds).

Next, a trial court may dismiss a suit for want of prosecution 1) because a party seeking affirmative relief failed to appear for any hearing or trial of which the party had notice, 2) because the case was not disposed of within the time standards promulgated by the Supreme Court in its Administrative Rules, or 3) through the exercise of its inherent power due to the lack of diligence. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *see* TEX. R. CIV. P. 165a(1) & (2) (discussing the authority of the trial court to dismiss as provided by rule of procedure). That the plaintiff may be acting *pro se* matters not for those representing themselves have the duty to prosecute their claims with

2

due diligence just as do all other litigants. *Coleman v. Lynaugh,* 934 S.W.2d 837, 838 (Tex. App.--Houston [1st Dist.] 1996, no writ). Finally, the central issue to be addressed is whether the plaintiff exercised due diligence. *MacGregor v. Rich*, 941 S.W.2d at 75.

*Application of Standard*

In applying the foregoing authority to the circumstances at bar, we first note that the Rules of Judicial Administration direct that civil cases wherein a jury has been requested should be disposed of within 18 months of the appearance date. TEX. R. JUD. ADMIN. 6b, *reprinted in* . TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (Vernon 1998). Here, the record shows that Carr initiated suit in May of 1999. The Department appeared, by filing a motion to transfer the cause and an answer, on October 18, 1999. The cause was eventually dismissed on July 2, 2002. The application of authority and simple arithmetic principles to the aforementioned dates reveals several things. First, the cause had been pending (without disposition) on the trial court's docket for much more than 18 months after the Department appeared. Second, because it was not disposed of within that period, Supreme Court authority entitled the trial court to dismiss it.

Carr argues, however, that he diligently pursued his claim by requesting discovery, amending his pleadings, seeking mediation, and filing various motions such as for sanctions, to join parties, and to compel discovery. Yet, review of the record illustrates that, aside from asking the trial court to send the cause to mediation shortly before it was dismissed, the last of his efforts to prepare the cause for disposition culminated in or around September of 2001, or some nine months before the cause was dismissed for want of prosecution. In attempting to explain why the cause lay dormant for that period, he does

3

not say that he was prepared for and merely awaited trial. Indeed, the record does not reflect that he even requested that his dispute be set for trial. Instead, he contends that the delay was caused by the trial court's refusal to act upon various motions such as to join parties, to compel discovery, and for sanctions. Yet, and assuming *arguendo* that they were of any substance, Carr acknowledged that he could have pursued their resolution through mandamus and opted not to utilize that avenue.[2] In other words, he opted to do nothing for nine months despite his duty to act diligently.[3]

Similarly absent from his explanation for the delay is any suggestion that discovery has been completed or that he has been unable to complete discovery through the means afforded by the rules of civil procedure. Rather, he wanted the trial court to refer the case to mediation since he was "willing to consider a reasonable settlement out of court" and should that not come about "allow discovery to proceed." What discovery he contemplated, why he did not complete it before, how long it would take him to complete

---

[2] Regarding the motion to join, nowhere does he 1) allege in it that he was somehow prevented from joining the person mentioned therein or 2) explain why he needed the court's intercession. Indeed, it appears that he could have simply amended his live pleading to add the individual. Yet, he did not. And, aside from serving a notice of his intent to take depositions by written interrogatory, nothing appears of record establishing that he served anyone with any other formal request for discovery which complied with the Rules of Civil Procedure. So, it is questionable whether he was entitled to sanctions or an order to compel due to the Department's supposed failure to produce documents and respond to interrogatories. And, as to the deposition, he thought he was entitled to sanctions and an order to compel (although the trial court had previously quashed the notice) because he expected the Department or others to arrange and pay for them. It was his obligation to arrange his own discovery, not that of his opponent or the court. As to his "Motion to Invoke Rule," he apparently sought an order deeming answers to admissions; yet, in that very same motion he quotes the portion of the Rules of Civil Procedure declaring that admissions are considered admitted if responses thereto are untimely and *without necessity of court intervention*. Finally, nowhere does appellant explain how the resolution of these motions or any others somehow conditioned his duty to diligently prepare or otherwise prevented him from preparing for trial. Nor does he allege that he had no other avenues available to him down which he could journey to fulfill his obligation.

[3] We further note the absence of any allegation suggesting that he was unable to act (due to his prisoner status or otherwise) during the interim.

4

it, and what he purported to obtain through it all went unaddressed. Nor does he specify what "discovery issues" must be resolved before the cause can "proceed." The only ones reflected in the record pertain to his motion for sanctions and to compel discovery, but for the reasons mentioned in our footnote 3, we perceive them to be untenable as well as little obstacle to the preparation of his claims.

Nor are we told why his "twelve requests for the docket" exemplify diligence. Indeed, the record does not illustrate that any came within the nine-month period before dismissal. Nor does it evince why the trial court clerk's purported refusal to respond to them prevented him from conducting discovery, preparing for trial, or requesting a trial setting.

In sum, Carr had the obligation to do that reasonably necessary to secure the final disposition of his claim. The record contains evidence upon which the trial court could have relied in determining that he did not fulfill his duty. And, because the suit had not been disposed of within 18 months from the date the Department made its appearance, legal authority provided the trial court basis to act. Accordingly, because its decision to dismiss was not without basis in law or fact, the trial court did not abuse its discretion.

Having disposed of issue one as we did renders moot issue two. Accordingly, we affirm the order dismissing for want of prosecution.


Brian Quinn
Justice


5