COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 

                                      NUMBER
13-04-606-CV

 

PATTERSON-UTI DRILLING CO. SOUTH,

LP, LLP F/K/A PATTERSON DRILLING

CO. SOUTH, LP, LLP,                                                            Appellant,

 

                                                             v.                                

 

LAVACA COUNTY CENTRAL

APPRAISAL DISTRICT,                                                                  Appellee.

 

 

                                      NUMBER
13-04-607-CV

 

PATTERSON-UTI DRILLING COMPANY

LP, LLLP AND PATTERSON-UTI 

DRILLING COMPANY SOUTH, LP, LLLP,                           Appellant,

 

                                                             v.                                

 

LAVACA COUNTY CENTRAL

APPRAISAL DISTRICT,                                                                  Appellee.

 

On appeal from the 25th District
Court of Lavaca County, Texas.

 

 

                        MEMORANDUM
OPINION

 

           Before Chief Justice Valdez and
Justices Castillo and Garza 

                            Memorandum
Opinion by Justice Garza                                   

This appeal arises from the dismissal for want of
prosecution of  two cases filed by
appellants, Patterson-UTI Drilling Co. South LP, LLP, and Patterson-UTI
Drilling Co. LP, LLLP, et al. (collectively APatterson@).[1]  For the reasons that follow, we conclude that
the trial court did not abuse its discretion in dismissing Patterson=s cases.   

This appeal involves two ad valorem tax cases in
which Patterson claimed that its mobile drilling rigs were not taxable in
Lavaca County, but instead were taxable at its principal place of business in
Scurry County.  See Tex. Tax. Code Ann. ' 21.02 (Vernon 2001).  The record reflects that Patterson filed the
first suit (the A2001 case@) on August 24, 2001, and filed the second suit (the
A2002 case@) on August 16, 2002.  In June 2003, the trial court placed the 2002
case on the dismissal docket.  Patterson
filed a motion to retain explaining that (1) it had cases pending in several
counties with identical questions of law and virtually identical fact
situations, (2) it had been engaged in settlement discussions with several
cases having settled, and (3) the cases will be decided on motion for summary
judgment or set for trial.  The trial
court granted the motion and the case was retained.[2]  








On July 26, 2004, appellee filed motions in both
cases seeking to dismiss for want of prosecution.  Patterson responded by filing motions to
retain, abate, or alternatively, to set for trial.  In its motions, Patterson explained that it
had not prosecuted the cases with reasonable diligence because it had a plan to
get an appellate decision on a similar case with the expectation that the
appellate decision would resolve all the cases. 
Patterson contended that it was Aseeking to promote judicial efficiency and economy
by pushing one case to the appellate level to resolve the common legal issue
and to avoid multiplicity of trials and appeals.@  After a hearing on the motion, the trial court
dismissed both cases with prejudice for want of prosecution.  Patterson subsequently filed motions to
reinstate both cases.  After a hearing,
the trial court denied the motions to reinstate.  This appeal ensued.

An appellate court reviews the dismissal of a case
for want of prosecution and a denial of a motion to reinstate for clear abuse
of discretion.  MacGregor v. Rich,
941 S.W.2d 74, 75 (Tex. 1997); State v. Rotello, 671 S.W.2d 507, 509
(Tex. 1984); Nawas v. R&S Vending, 920 S.W.2d 734, 737 (Tex. App.BHouston [1st Dist.] 1996, no writ).  An abuse of discretion occurs if the trial
court acts arbitrarily, unreasonably, or without reference to guiding rules or
principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  A reviewing court cannot conclude that a
trial court abused its discretion simply because, in the same circumstances, it
would have ruled differently, or because the trial court committed a mere error
in judgment.  E.I. du Pont de Nemours
& Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995); Loftin v. Martin,
776 S.W.2d 145, 146 (Tex. 1989).








In resolving the question of due diligence, the
trial court may consider the entire history of the case, including (1) the
length of time the case was on file, (2) the extent of activity in the case,
(3) whether a trial setting was requested, and (4) the existence of reasonable
excuse for the delay.  See King v.
Holland, 884 S.W.2d 231, 237 (Tex. App.CCorpus
Christi 1994, writ denied); City of Houston v. Malone, 828 S.W.2d 567,
568 (Tex. App.CHouston [14th Dist.] 1992, no writ).  No single factor is dispositive, including
the request for a trial setting.  Bard
v. Frank B. Hall & Co., 767 S.W.2d 839, 843 (Tex. App.CSan Antonio 1989, writ denied).  Because the balancing of these factors to
determine the existence or non-existence of due diligence is largely a
fact-driven enterprise, we may not substitute our judgment for that of the
trial court unless the trial court could have reached only one decision.  See Walker v. Packer, 827 S.W.2d 833, 839‑40
(Tex. 1992).








The trial court's authority to dismiss for want of
prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil
Procedure, and (2) the court's inherent power. 
See Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976);
see also Bevil v. Johnson, 307 S.W.2d 85, 87 (Tex. 1957).  A trial court may dismiss under rule 165a on
the "failure of any party seeking affirmative relief to appear for any
hearing or trial of which the party had notice," Tex. R. Civ. P. 165a(1), or if a case is "not disposed
of within the time standards promulgated by the Supreme Court . . . ."  Tex. R.
Civ. P. 165a(2).[3]  In addition, the common law vests the trial
court with the inherent power to dismiss independently of the rules of
procedure if a plaintiff fails to prosecute his or her case with due
diligence.  See Rizk v. Mayad, 603
S.W.2d 773, 776 (Tex. 1980); Williams, 543 S.W.2d at 90.  

The scope of our review depends on whether the
dismissal order specifies the basis for dismissal.  Shook v. Gilmore & Tatge Mfg. Co.,
951 S.W.2d 294, 296 (Tex. App.BWaco 1997, pet. denied); City of Houston v.
Robinson, 837 S.W.2d 262, 264 (Tex. App.BHouston
[1st Dist] 1992, no writ).  If the order
is silent, the plaintiff seeking reinstatement must negate all possible grounds
for dismissal, including whether the dismissal was prompted by a lack of due
diligence in prosecuting the suit, failure to appear at trial or a hearing, or
violation of the supreme court's time standards.  See Shook, 951 S.W.2d at 296.  If, however, the dismissal order lists a
specific ground, the plaintiff seeking reinstatement must negate only the
reason stated in the dismissal order.  See
id.  In the present case, the parties
agree and the record reflects that the cases were dismissed in response to
Lavaca County=s motion to dismiss for failure to prosecute with
reasonable diligence.  Accordingly, we
limit our review to whether Patterson negated lack of due diligence.

The record reflects that the cases had been on file
for two and three years, respectively. 
The cases were never set for pre-trial conference, docket control
conference, or trial.  Patterson served
discovery requests for the 2001 case on July 22, 2002, but took no further
action on the case until it was set for dismissal in July 2004.  Patterson did not conduct discovery in the
2002 case, and other than its motion to retain the case in response to its
placement on the June 2003 dismissal docket, Patterson took no action in the
case until it was again set for dismissal in 2004. The record also reveals that
Patterson did not (1) inform the court of its plan to wait for another case to
make it to a court of appeals, (2) request the court to abate the cases, or (3)
move for trial settings until after the cases were set on the dismissal docket.
    








At the hearing on the motion to retain, counsel for
Patterson announced that it was ready to try the cases at any time.  As good cause for the delay in prosecution of
the cases, counsel informed the court that Patterson had twenty cases with the
same issues pending across fifteen different counties in the state.  Counsel assured the court that Patterson was
not dragging its feet, but that it had actually decided, in the interest of
judicial economy, to pursue a limited number cases through appeal in the hope
that an appellate decision would resolve all pending cases, including the two
now before this Court.[4]   The trial court was not given any
explanation for why Patterson had not moved for abatement at an earlier date,
even though the 2002 case had, at one point, been set for dismissal.       








Patterson=s attorneys testified on its behalf at the hearing
on Patterson=s motion to reinstate.  The essence of their testimony reiterated
Patterson=s plan to obtain an appellate decision in an effort
to avoid multiplicity of suits and that the pursuit of this strategy
constituted good cause for the delay, if not a showing of due diligence.  They also pointed out numerous times that, if
the cases were not reinstated, Patterson would have no remedy to avoid double
taxation.  They noted that appeals
relating to tax cases have to be filed within forty-five days of a final
decision by the appraisal review board, and that any dismissal in this case
whether with or without prejudice would effectively be with prejudice because
Patterson will nonetheless be outside of the forty-five day time period.  

Although we appreciate how Patterson=s plan could have theoretically minimized the costs
of this litigation, we are also very cognizant of Patterson=s obligations to keep the trial court apprised of
its intentions and to seek permission before pursuing a plan that would
necessarily entail inactivity and significant delays in the trial court=s disposition of its docket.  Patterson=s
failure to fulfill these obligations was viewed by the trial court as a lack of
due diligence.  As sympathetic as we may
be towards Patterson=s overall goal of minimizing the costs of this
litigation, we cannot substitute our judgment for that of the trial court in
this regard.  Accordingly, we find no
abuse of discretion and affirm the trial court=s
orders dismissing Patterson=s cases without prejudice.   

 

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 1st day of December, 2005.











[1]  The two cases have been
consolidated for purposes of appeal.  





[2]  We note that Patterson=s brief contains misstatements of
facts.  Patterson states that, in its
motion to retain, it explained that it was Apursuing a plan to get an appellate decision in one case to
help resolve all the cases.@  Patterson states
that, by granting the motion to retain, the trial court Atacitly@ accepted its Aoverall strategy to get one case
before an appellate court.@  These statements
are incorrect.  Neither Patterson=s first motion to retain nor the trial
court=s order mentions Patterson=s Aoverall strategy@ of getting a case to an appellate
court.  The motion to retain only states
that there were other cases pending, that they were involved in settlement
negotiations, that some cases had settled, and that others would be decided on
motions for summary judgment or set for trial. 






[3]  Rule 6 of the Texas Rules of
Judicial Administration provides that civil non-jury cases must be disposed of
within 12 months from the appearance date. 
See Tex. R. Jud. Admin. 6.  The parties have conceded that the cases at
issue were civil non-jury cases.  





[4]  
Patterson would have us hold that its activity in similar cases and its
attempt to secure an appellate decision resolving the cases constitute due
diligence.  However, we disagree.  See Rampart Capital Corp. v. Maguire,
974 S.W.2d 195, 197 (Tex. App.CSan Antonio 1998, pet. denied) (finding court did not abuse
its discretion in dismissing for want of prosecution where 16 months elapsed
without activity and where appellant=s explanation was that it had to prosecute a related case);
cf. MacGregor v. Rich, 941 S.W.2d 74, 75B76 (Tex. 1997) (finding no abuse of
discretion in dismissing suit where plaintiffs failed to notify defendants of
separate bankruptcy proceedings).