**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00052-CV**

_____

**ROSHELL DENISE PICKENS, Appellant**

**V.**

**HARTFORD INSURANCE, MONICA ZAHN, JOSELYN HOOD AND ALLEN CRADDOCK, Appellees**

On Appeal from the County Court at Law
Ellis County, Texas
Trial Cause No. 20-C-3479

**MEMORANDUM OPINION**

Appellant Roshell Denise Pickens filed a Petition for Judicial Review of her workers' compensation claim and named Hartford Casualty Insurance Company (Hartford), Monica Zahn, Joselyn Hood and Allen Craddock as Defendants.[1]

---

[1]The Texas Supreme Court transferred this appeal from the Waco Court of Appeals to the Beaumont Court of Appeals in a docket equalization order. *See* Tex. Gov't Code Ann. § 73.001 (discussing authority to transfer); Tex. R. App. P. 41.3 (transferee court must apply the precedent of the transferring court).

1

Pickens appeals the trial court's Order of Dismissal granting Hartford's Motion to Dismiss and Plea to the Jurisdiction.[2] In two issues, Pickens asks (1) whether the trial court erred in failing to provide an alternate means for her to access the court for a hearing when the web application failed on her device(s), and (2) whether the clerk provided a means for her to contact the court in a reasonable manner regarding the WebEx issues. For the following reasons, we affirm the trial court's judgment.

## Background

Pickens filed a worker's compensation claim, and Hartford was her employer's insurance carrier. Hartford denied the claim, and the case proceeded to an administrative hearing where the Texas Department of Insurance Division of Workers' Compensation (DWC) determined that Pickens did not sustain a compensable injury or compensable repetitive trauma. Dissatisfied with that result, Pickens appealed to the County Court at Law; however, rather than limiting her appeal to the scope of the DWC's determination, her complaint alleged that Appellees violated the Texas Insurance Code by failing to investigate her claim. In the trial court, Pickens's husband, Kenneth L. Council, a non-lawyer, signed the

---

[2]The Order of Dismissal included language that it disposes of "all claims and parties and is appealable." Nothing in the record indicates Zahn, Hood, or Craddock were ever served, and they have not appeared. Pickens does not complain that the trial court's Order of Dismissal included these parties, therefore we do not address it. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020) ("A court of appeals may not reverse a trial court judgment on a ground not raised.") (citation omitted).

Original Petition and other pleadings as "Prose [sic] Power of Attorney for Roshell Pickens."

**Analysis**

We review a trial court's ruling on a plea to the jurisdiction de novo. *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam). When a trial court sustains a plea to the jurisdiction based on multiple grounds without specifying the ground or grounds relied upon, an appellant must challenge all the grounds on appeal or else the appellate court will affirm. *See Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 680–82 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Williams v. Ballard*, No. 10-08-00378-CV, 2009 WL 4357124, at *1 (Tex. App.—Waco Dec. 3, 2009, no pet.) (mem. op.) (noting same); *Johnson v. Johnson Cty.*, 251 S.W.3d 107, 111 n.3 (Tex. App.—Waco 2008, pet. denied) (affirming where appellant did not attack the independent ground raised in the plea to the jurisdiction as to another cause of action) (citations omitted). "[I]f the dismissal order lists a particular reason for the dismissal, then the appellate court's review is limited to whether the dismissal was proper based on the ground specified by the trial court." *Shook v. Gilmore Tatge Mfg. Co., Inc.*, 951 S.W.2d 294, 296 (Tex. App.—Waco 1997, pet. denied) (discussing dismissal for want of prosecution). When an appellant challenges one ground but fails to challenge all others, any assigned error is harmless because the

3

unchallenged independent ground fully supports the complained-of ruling or judgment, and we must affirm the trial court's judgment. *See Britton*, 95 S.W.3d at 681.

Pickens argues on appeal that her failure to attend the hearing in this case was not the result of conscious indifference and asks this court to reinstate her case and cites to Texas Rule of Civil Procedure 165a.[3] *See* Tex. R. Civ. P. 165a (governing dismissal for want of prosecution and requiring a party to file motion to reinstate and that a trial court shall reinstate upon a finding after a hearing that failure was not the result of conscious indifference). Liberally construing her brief, she seems to assume the trial court dismissed her case for want of prosecution, although nothing in the record supports this. *See id.* She also asserts that the hearing she missed was on her No-Evidence Motion for Summary Judgment. Again, the record does not support this.

Rather, the record shows that Hartford filed its Plea to the Jurisdiction and Motion to Dismiss and set it for hearing. Hartford moved to dismiss because Council was not a licensed attorney in Texas, was not authorized by law to represent Pickens, and cannot file suit or appear on her behalf. Hartford also asserted that the trial court lacked jurisdiction, because Pickens's suit sought adjudication of issues unresolved

---

[3]Pickens asserts in her brief that she filed a Motion for Reinstatement but does not indicate when this was filed, and the record before us contains no such motion.

by the DWC but otherwise subject to its exclusive jurisdiction. Specifically, Hartford argued that Pickens failed to seek judicial review of any compensability issue but rather, sought damages for violations of the Insurance Code, which are not properly before the trial court.

The day of the scheduled hearing, but after its scheduled time, Pickens filed a No Evidence Motion for Summary Judgement [sic] and/or in Alternative Response to Defendant's Motion for Dismissal. Nothing in the Clerk's Record shows that this was properly before the trial court at the time of the scheduled hearing. There is no Reporter's Record to show that the trial court entertained Pickens's filing.

The trial court's Order of Dismissal provided,

> On this day the Court considered Defendant's Harford Casualty Insurance Company Motion to Dismiss and Plea to the Jurisdiction. The Court finds the Motion and Plea to the Jurisdiction are meritorious and should be granted. It is therefore ORDERED that this case be and is hereby dismissed.
> This Order disposes of all claims and parties and is appealable.

The trial court's order did not indicate that it dismissed this case for want of prosecution, but liberally construing Pickens's brief, that appears to be what she asserts on appeal. However, she failed to challenge the independent grounds asserted in Hartford's Motion to Dismiss or Plea to the Jurisdiction. These grounds included Council filing pleadings on her behalf despite not being a licensed attorney, and her failure to seek judicial review of the DWC's compensability determination and instead asserting new claims for violations of the Insurance Code, which the DWC

5

did not decide. Because Pickens has failed to challenge all grounds alleged in the plea to the jurisdiction and motion to dismiss which could, if meritorious, support the order granting the plea and motion to dismiss, we overrule her issues. *See Johnson*, 251 S.W.3d at 111 n.3; *Britton*, 95 S.W.3d at 681.

## Conclusion

Having overruled Pickens's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on February 25, 2022
Opinion Delivered November 3, 2022

Before Golemon, C.J., Kreger and Horton, JJ.