NO. 07-08-0068-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 28, 2009
_____

IN THE MATTER OF FIFTY-ONE GAMBLING DEVICES
TWENTY SIX THOUSAND EIGHT HUNDRED EIGHTY DOLLARS
IN UNITED STATES CURRENCY
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 56,014-B; HONORABLE JOHN B. BOARD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.


**OPINION**


This appeal arises from a forfeiture proceeding under article 18.18 of the Code of

Criminal Procedure.[1] Through ten issues, appellant Mike Lewis[2] challenges the trial court's

judgment forfeiting gambling devices, gambling proceeds and other items, and the denial

of his motion to recuse the trial court judge. By cross-appeal, the State challenges denial

of its request for attorney's fees and costs by the administrative judge in the recusal

_____

[1] Tex. Code Crim. Proc. Ann. art. 18.18 (Vernon Supp. 2008). All references to article 18.18 in this opinion are to that article of the Code of Criminal Procedure.

[2] A suggestion of Mike Lewis's death was filed by his appellate counsel on September 24, 2009. The appeal proceeds according to the provisions of Rule of Appellate Procedure 7.1(a)(1).

proceeding. We affirm the judgment of forfeiture and the denial of Lewis's recusal motion, and render an order awarding the State attorney's fees and costs.

Background

During January 2004, as part of an undercover investigation, an officer with the Amarillo Police Department twice entered an Amarillo gaming establishment owned by Lewis and known as "Mike's Amusements." While at the establishment, the officer played electronic games for cash.

Based on the officer's affidavit, a search warrant was issued commanding search and seizure of gambling devices, gambling paraphernalia, and proceeds derived from any gambling device at Lewis's establishment. Officers executed the warrant seizing gaming machines, cash, and other items subject to the warrant. The State sought forfeiture of the items seized. In May 2005, the Honorable John Board, judge of the 181st Judicial District Court, issued a notice to Lewis to appear and show cause on May 24 why the items seized should not be forfeited.

Lewis filed a general denial and a motion to recuse Judge Board. Judge Board declined recusal without order and forwarded the motion to the Honorable Kelly Moore, presiding judge of the administrative judicial district. Judge Moore denied the motion, and other recusal motions followed.

On November 1, 2007, Judge Board conducted a show cause hearing and at its conclusion ordered forfeiture of the seized devices and proceeds. Lewis filed two post-trial

2

recusal motions and on the second, the State sought an award of attorney's fees and costs according to Civil Practice and Remedies Code section 30.016(c).[3] Judge Moore denied the recusal motion as well as the State's request for attorney's fees and costs. Lewis appeals the judgment of forfeiture and denial of recusal. By cross-appeal, the State appeals denial of its request for attorney's fees and costs.

## Discussion

Lewis presents seven issues and three supplemental issues which we take up sequentially before discussing the State's issue on cross-appeal.

Issue One - Tertiary Recusal Motion

By his first issue, Lewis argues the trial court lacked authority to conduct the show cause hearing of November 1, 2007, because a recusal motion was pending.

The motion to recuse Judge Board to which we have referred was served on May 13, 2005 (May 13 motion).[4] Lewis argued that in the trial court's art. 18.18(b) notice, the terms "gambling devices" and "gambling proceeds" were not qualified by the adjective "alleged." According to Lewis, this omission signaled Judge Board had "already reached a determination regarding the merits of the matters in dispute." Judge Board did not recuse himself and forwarded the motion to Judge Moore. In an order signed May 18,

---

[3] Tex. Civ. Prac. & Rem. Code Ann. § 30.016(c) (Vernon 2008).

[4] We identify Lewis's recusal motions by date of service to avoid confusion as two motions bear a May 20 file mark.

Judge Moore denied the May 13 motion without a hearing because it was not verified as required by Rule of Civil Procedure 18a(a). Tex. R. Civ. P. 18a(a). The order was delivered to Judge Board, counsel for Lewis, and counsel for the State by facsimile on May 18.

On May 18, Lewis served a second motion to recuse (May 18 motion) that contained a jurat. The jurat, however, bore no notarial signature or seal.

On May 19, Lewis served his "Supplemental and Amended Motion to Recuse, Brief and Motion for Leave to Supplement and Amend" (May 19 motion). The May 19 motion repeated Lewis's argument for recusal under Rule 18a based on the claimed bias of the trial court. But it also added a denial of due process claim.

On May 20, 2005, Judge Moore conducted a telephonic hearing of Lewis's recusal motions. Exchanges on the hearing record between Judge Moore and counsel for Lewis indicate the subject of the hearing.

When Judge Moore called the motion for hearing counsel for Lewis identified himself and announced, "I'm Mr. Lewis' attorney of record, and I'm here ready to go forward on a motion to recuse that I filed for Mr. Lewis and an amended motion."

> [Judge Moore addressing counsel for Lewis]: And I have read your original motion, your second motion that you filed that was actually verified, and your supplemental and amended motion to recuse brief and motion for leave to supplement and amend, and so I have read those in detail.
> ***

4

[Counsel for Lewis]: I do want to establish that the supplemental and amended motion to recuse brief and request for leave to amend is before the Court; is that correct?

[The court]: That's what I called for hearing, yes, sir.

***

[Counsel for Lewis]: [T]hen [the May 19 motion] has a request for leave to amend within seven days of trial, meaning this trial date, of course.

***

[Judge Moore]: I've already told you, I don't consider a motion to recuse an adversary proceeding. You filed your motions within the time allowed by law, and I'm here to hear the merits of your motions.

Counsel for Lewis was sworn as a witness and addressed the theory of bias advanced by Lewis's motions for recusal.

On inquiry by Judge Moore, counsel for the State explained he prepared the art. 18.18(b) notice in question at the request of Judge Board. Counsel for the State followed a form Judge Board used in an earlier case.

At the conclusion of the hearing, Judge Moore announced, "I'm going to deny the motion to recuse." This oral rendition was memorialized in a written order signed May 20, stating, "Lewis' Motion to Recuse Judge is denied."

On May 20, following the telephonic hearing, Lewis served his "Second Supplemental and Amended Motion to Recuse or Alternatively, Motion for Reconsideration" (May 20 motion). By this motion, Lewis reurged the prior ground of judicial bias and added a claim of improper *ex parte* communication between Judge Board and the State's attorney. The claim was founded on the statement of the State's attorney at the

5

hearing of May 20 that he prepared the art. 18.18(b) notice at Judge Board's request using a template that tracked a notice prepared by Judge Board in a prior case.

Because Judge Moore had not ruled on the May 20 motion by May 24, the scheduled date of the show cause hearing, Judge Board continued the hearing.

The kernel of Lewis's argument under this issue is the trial court lacked authority to conduct the show cause hearing of November 1, 2007, because of the prohibition of Rule of Civil Procedure 18a.[5] To avoid the application of Civil Practice and Remedies Code section 30.016, Lewis argues further that no "tertiary recusal motion," as defined by that section, was on file at the time of the hearing. We disagree.

In pertinent part, section 30.016 provides:

In this section, "tertiary recusal motion" means a third or subsequent motion for recusal or disqualification filed against a district court or statutory county court judge by the same party in a case.

A judge who declines recusal after a tertiary recusal motion is filed shall comply with applicable rules of procedure for recusal and disqualification except that the judge shall continue to:

---

[5] In pertinent part, Rule 18a(d) provides:

If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion.

Tex. R. Civ. P. 18a(d).

6

> (1) preside over the case;
>
> (2) sign orders in the case; and
>
> (3) move the case to final disposition as though a tertiary recusal motion had not been filed.

Tex. Civ. Prac. & Rem. Code Ann. § 30.016(a)(b) (Vernon 2008).

By the time of the November 1, 2007 hearing, Lewis had filed four motions to recuse Judge Board, those of May 13, May 18, May 19 and May 20, 2005. Lewis argues the May 18 motion was superseded by the May 19 motion, which in turn was superseded by the May 20 motion, because he entitled the latter two "supplemental and amended" motions. We cannot agree Lewis's use of the terms "supplemental" and "amended" in the title of his May 19 and May 20 motions alters their effect for purposes of the count under section 30.016(a). Notably, through these pleadings Lewis expanded his original recusal claim. The May 19 motion relied on Rules of Civil Procedure 18a and 18b but added a constitutional claim of denial of due process. The May 20 motion, filed after the May 20 hearing, added a claim of improper ex parte communication between the trial court and counsel for the State. It is the substance of a motion that determines its nature, not merely its title. *See State Bar v. Heard,* 603 S.W.2d 829, 833 (Tex. 1980); *BCY Water Supply Corp. v. Residential Invs., Inc.,* 170 S.W.3d 596, 604 (Tex.App.–Tyler 2005, pet. denied). We find Lewis had filed a tertiary recusal motion, and Judge Board was empowered by section 30.016(b) to preside over the November 1, 2007 show cause hearing. We overrule Lewis's first issue.

Related to his first issue, Lewis raises three supplemental issues.

7

Without supporting authority, Lewis argues in his first supplemental issue that because the May 13 and May 18 motions did not meet the requirements of Rule 18a(a)[6] they must be omitted from the section 30.016(a) calculation. A plain reading of the statute does not support such a gloss. *See Fitzgerald v. Advanced Spine Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) ("it is cardinal law in Texas that a court construes a statute, first, by looking to the plain and common meaning of the statute's words"). Moreover, to sustain Lewis's argument would create uncertainty in the application of section 30.016, favor defective motions, and generally run counter to sound principles of motion practice. We overrule Lewis's first supplemental issue. Lewis's third supplemental issue is premised on similar contentions, and we overrule it as well.

In his second supplemental issue, Lewis argues that if the May 13 motion is properly included in the count of section 30.016(a), then Judge Moore abused his discretion by overruling the motion without a hearing. Case law holds otherwise. *See, e.g., In re Lincoln,* 114 S.W.3d 724, 726 (Tex.App.–Austin 2003, orig. proceeding) (no abuse of discretion shown when administrative judge summarily denied unsworn recusal motion). We find the decision not to conduct an oral hearing of a facially defective motion was within the sound discretion of Judge Moore. Lewis's second supplemental issue is overruled.

---

[6] A motion for recusal or disqualification of a judge:

shall be verified and must state with particularity the grounds why the judge before whom the case is pending should not sit. The motion shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence provided that facts may be stated upon information and belief if the grounds of such belief are specifically stated.

Tex. R. Civ. P. 18a(a) (in pertinent part).

Issue Two - Want of Prosecution

In his second issue, Lewis argues the trial court abused its discretion by denying his motion to dismiss the case for want of prosecution. A trial court is empowered to dismiss a case for want of prosecution under Rule of Civil Procedure 165a or through its inherent power to control its docket. *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex. 1999). An appellate court reviews a trial court's denial of a motion to dismiss for want of prosecution under an abuse of discretion standard. *Christian v. Christian,* 985 S.W.2d 513, 512 (Tex.App.–San Antonio 1998, no pet.). A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

The record shows that on May 16, 2005, Lewis filed a motion for continuance asserting in part the need for unspecified pre-trial discovery to prepare for the show cause hearing, then scheduled for May 24. On May 16 Lewis also filed a motion to abate, asserting his case presented legally and factually similar issues to a case then on appeal before this court. Lewis requested abatement pending a decision to "avoid unnecessary time and expense of both the resources of the Court and of interested parties." The record contains no order disposing of Lewis's abatement motion. Meanwhile, the parties engaged in the flurry of activity connected with Lewis's recusal motions that we have described. On May 23, Lewis served a supplemental motion for continuance through which he requested continuance of the show cause hearing "to a date that allows pretrial matters and preparation to be completed." Then at the May 24 hearing, Lewis argued that Judge Board

9

could not proceed with the show cause hearing because of the pending May 20 recusal motion. The extent of discovery the parties undertook cannot be discerned from the record although attached to an August 2005 motion for protective order filed by the State is a copy of a deposition notice from Lewis noticing the deposition of the State's attorney. The State sought protection alleging, *inter alia*, the deposition would require disclosure of core work product. The record contains no order on the motion nor does it indicate the deposition occurred. In a letter to the trial court dated November 16, 2006, the State requested a setting of the show cause hearing. It argued the May 20 motion remained pending, and Judge Board was empowered to proceed under section 30.016. The record contains no indication either party requested a ruling by Judge Moore after Lewis filed the May 20 recusal motion. In a letter to counsel dated August 21, 2007, Judge Board set the show cause hearing for November 1, 2007. On October 31, 2007, Lewis filed a motion to dismiss the case. It was denied the following day before the show cause hearing began. In denying the motion, the court found on the record the primary cause of delay was Lewis's requests for continuance and recusal.

Lewis correctly observes that according to the Texas Rules of Judicial Administration, in non-jury cases district court judges "should, so far as reasonably possible, ensure that all" non-family law civil "cases are brought to trial or final disposition, . . . . [w]ithin 12 months from appearance date." Tex. R. Jud. Admin. 6(a)(2), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. F–Appendix (Vernon Supp. 2008). According to Rule 1 of the rules of judicial administration, the rules are promulgated pursuant to section 74.024 of the Government Code. *Id.* at Rule 1. Section 74.024 provides "the supreme

10

court may consider the adoption of rules relating to: (1) nonbinding time standards for pleading, discovery, motions, and dispositions."  Tex. Gov't Code Ann. § 74.024(c)(1) (Vernon Supp. 2008).  Thus, the application of Rule 6 is discretionary and non-binding. *See In re S.D.W.,* 811 S.W.2d 739, 746 (Tex.App.–Houston [1st Dist.] 1991, no writ) (juvenile case).  Moreover, circumstances may preclude adherence to the standards under especially complex cases or those presenting special circumstances.  Tex. R. Jud. Admin. 6(e), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. F–Appendix (Vernon Supp. 2008).

On the record before us, we cannot say the trial court abused its discretion in denying Lewis's motion to dismiss for want of prosecution.  We overrule Lewis's second issue.

Issues Three and Five - Failure to Recuse

By his third issue, Lewis asserts Judge Moore abused his discretion by failing to recuse Judge Board.  Lewis presents his recusal argument through four sub-issues:  in the art. 18.18(b) notice Judge Board evidenced bias by using the terms "gambling proceeds" without the adjective "alleged;" Judge Board and the prosecutor discussed the case and the State prepared the art. 18.18(b) notice for Judge Board; art.18.18 cast Judge Board as magistrate and prosecutor, and because the case was not timely prosecuted by Judge Board as prosecutor, Judge Board as magistrate should not have adjudicated Lewis's motion to dismiss for want of prosecution; and the State engaged in forum shopping because all Randall County 8-liner forfeiture cases since 2001 were filed in Judge Board's court and the State prevailed in each instance.  Lewis's grounds for recusal are founded in claims of partiality and bias.

11

An order denying a recusal motion is reviewed on appeal from the final judgment, applying the abuse of discretion standard. Tex. R. Civ. P. 18a(f). "A judge shall recuse himself in any proceeding in which: (a) his impartiality might reasonably be questioned; (b) he has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Tex. R. Civ. P. 18b(2)(a),(b). We apply a reasonable person standard to determine whether denial of a recusal motion was an abuse of discretion. *Woodruff v. Wright,* 51 S.W.3d 727, 736 (Tex.App.–Texarkana 2001, pet. denied). The inquiry, therefore, is whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial. *Rogers v. Bradley,* 909 S.W.2d 872, 881 (Tex. 1995) (Enoch, J., concurring). "[B]ecause this test requires courts to evaluate a motion to recuse from a disinterested observer's point of view, it seems best suited to achieve the primary purpose of Rule 18b(2)(a): avoiding the appearance of judicial bias." *Id.* at 882.

### *Prejudgment of the Case*

Lewis is correct that the language of the article 18.18(b) show cause notice signed by Judge Board and addressed to Lewis in places refers to "gambling proceeds," "gambling devices," and gambling paraphernalia" without the modifying term "alleged." For instance, the notice recites in part, "[a] detailed description of the property seized and total amount of the gambling proceeds is as follows . . . ." Lewis argues this phraseology without the qualifying adjective "alleged" indicates prejudgment by Judge Board.

12

A forfeiture proceeding begins with the State seeking a search warrant supported by an affidavit averring "sufficient facts . . . to satisfy the issuing magistrate that probable cause does in fact exist for its issuance." Tex. Code Crim. Proc. Ann. art. 18.01(b) (Vernon Supp. 2008); *Hardy v. State,* 102 S.W.3d 123, 127 (Tex. 2003). If the search warrant issues, it is executed by the State which conducts a search and seizure of the designated property. Tex. Code Crim. Proc. Ann. arts. 18.06 (Vernon 2005) & 18.09 (Vernon Supp. 2008). If no prosecution or conviction follows the seizure, the magistrate must notify the person in possession of the property or proceeds made the subject of the search warrant to show cause why the property should not be destroyed and the proceeds forfeited. Art. 18.18(b). The show cause hearing is an adversary proceeding. *Hardy,* 102 S.W.3d at 127, 129. In a civil forfeiture proceeding, the State satisfies its initial burden by establishing probable cause for seizing the subject property or proceeds. *Id.* at 129. At the show cause hearing, therefore, the burden is on any person interested in the seized property or proceeds to prove by a preponderance of the evidence why the property is not subject to destruction or forfeiture. *Id.* at 127, 129.

Assuming, *arguendo*, the correctness of Lewis's premise that the language of the notice could properly be said to evidence Judge Board's judicial attitude, the difficulty with Lewis's argument based on the language of the notice here is that the language is not consistent. The notice elsewhere contains the modifier "alleged" when referring to the seized property. The notice includes, in bold font, the language of art.18.18(e) ("[a]ny person interested in the alleged gambling device or equipment . . . gambling proceeds

13

. . . .").  Reading the notice as a whole, we do not agree it establishes an abuse of discretion.

*Improper Ex Parte Communication*

Lewis next contends the State's attorney conferred *ex parte* with Judge Board about the forfeiture proceeding and the contents of the art. 18.18(b) notice, and such contact presents the appearance of Judge Board's partiality in favor of the State.  The only evidence of contact between Judge Board and the State's attorney was that developed at the May 20, 2005, telephonic recusal hearing before Judge Moore.  During the proceeding, the State's attorney notified Judge Moore that he prepared the art. 18.18(b) notice for Judge Board.  Later in the hearing Judge Moore asked the State's attorney, "Where did you get the forms to prepare the documents?"  The State's attorney replied:

> I got the form from Judge Board.  We had a case about a year ago where this issue came up, and he drafted the notice that time.  In this particular case, he instructed me to go ahead and do it since we had a template.  I made one modification to that.  I put in the word show cause, and I changed up the inventory of the items listed; otherwise, it was what he had used before.

All that can be said from this scant evidence is Judge Board instructed the State's attorney to prepare the art.18.18(b) notice using a form Judge Board previously prepared.  The record permits only speculation regarding what, if anything, else was said.  We are unable to say the evidence of *ex parte* contact leads to the conclusion Judge Moore abused his discretion.

14

*The Role of the Trial Court in an Article 18.18 Forfeiture Proceeding*

Lewis next argues art.18.18(b) assigns the magistrate, Judge Board, responsibility for prosecution of the case. Because he carries that responsibility, Lewis contends, allowing Judge Board to rule on Lewis's motion to dismiss for want of prosecution "creates a clear appearance of possible bias or lack of impartiality." Lewis's premise that Judge Board, as the magistrate, is placed in the position of prosecuting the forfeiture is supported only by Lewis's interpretation of article 18.18, and he cites no authority agreeing with his interpretation. His argument ignores the fact, apparent from the record, that the Randall County Criminal District Attorney's office represented the interests of the State in the forfeiture proceeding in the trial court. We fail to see how a trial judge exhibits bias or partiality simply by performing his statutory responsibilities in a forfeiture proceeding.

In a broader sense, Lewis's argument is an attack on article 18.18(b). He does not contend the article is unconstitutional or its strictures were not properly followed by the trial court. Rather it is the effect of the statute he condemns. But, as courts often have recognized, it is the legislative branch, not the judicial, that evaluates the wisdom of legislation. *See, e.g., In re Jorden*, 249 S.W.3d 416, 424 (Tex. 2008) (arguments that statute is unwise or unfair must be addressed to legislature, in absence of constitutional claim); *Ullmann v. Jasper,* 70 Tex. 446, 452-53, 7 S.W. 763, 765 (1888) ("where a rule is given by act of the Legislature, courts are not at liberty to disregard it, or to attempt to avoid its effects, when applied to a state of facts contemplated by it").

*Forum Shopping*

Lewis's last contention in support of his third issue asserts Judge Moore should have recused Judge Board because all 8-liner forfeiture cases in Randall County from "at least 2001" were filed in Judge Board's court and in each case the State obtained the relief requested. This, Lewis asserts, violates a local rule requiring random assignment of cases by the district clerk and amounts to forum shopping by law enforcement personnel.

According to a stipulation of the parties, since "2001 or 2002" all forfeiture cases in Randall County handled by the assistant district attorney representing the State in the case at hand were filed in Judge Board's court. And, according to the stipulation, in each of these cases reaching judgment, the State prevailed. The record does not show the number of cases involved or in what court other prosecutors filed cases. The local rule of case assignment directs the district clerk to randomly assign civil cases among the district courts of Randall County. It does not address the issuance of search warrants on proper application by law enforcement. *See* art. 18.18(b) (magistrate to whom return of warrant was made shall issue show cause); *Hardy*, 102 S.W.3d at 127 (forfeiture proceeding under chapter 18 of Code of Criminal Procedure begins when affidavit is presented to magistrate).

On this record, we cannot say Judge Moore abused his discretion by not recusing Judge Board on the grounds raised by Lewis in his sub-issues. We overrule Lewis's third issue.

In his fifth issue, Lewis presents further argument regarding the State's forum shopping and the resulting appearance of bias on the part of Judge Board. Our disposition of his third issue disposes of the fifth issue as well.

Issue Four - Stay of Judgment

In his fourth issue, Lewis complains of what he characterizes as Judge Moore's "refusal to even take up and allow a record to be made" regarding a pleading Lewis filed on November 21, 2007, entitled "Application to Protect Jurisdiction." In this pleading, filed in the trial court but addressed to Judge Moore, Lewis sought an order staying Judge Board's "entry of any judgment" following the November 1 show cause hearing until Judge Moore ruled on Lewis's May 20 recusal motion. We overrule the issue for several reasons but here note simply that its overruling is required by our conclusion Judge Board was authorized by Civil Practice & Remedies Code section 30.016 to preside over the show cause hearing.

Issue Six - Gambling Devices

In his sixth issue, Lewis argues the trial court misapplied the exception to the term "gambling device"[7] provided by Penal Code section 47.01(4)(B). *See* Tex. Penal Code

---

[7] Article 18.18 incorporates the Penal Code section 47.01(4) definition of gambling device. Tex. Code Crim. Proc. Ann. art. 18.18(g)(2) (Vernon Supp. 2008). As defined by Penal Code section 47.01(4) a gambling device:

> means any electronic, electromechanical, or mechanical contrivance not excluded under Paragraph (B) that for a consideration affords the player an opportunity to obtain anything of value, the award of which is determined solely or partially by chance, even though accompanied by some skill, whether or not the prize is automatically paid by the contrivance.

Tex. Penal Code Ann. § 47.01(4) (Vernon 2003).

17

Ann. § 47.01(4)(B) (Vernon 2003).[8] We interpret Lewis's complaint is the trial court erred by denying his motion for directed verdict on the ground that the 51 seized machines fall within the section 47.01(4)(B) exception.

According to the evidence at the show cause hearing, an undercover officer playing Lewis's gaming machines received $5 tickets from a machine. An employee of Lewis converted the tickets to cash and deposited the cash into another machine for additional play. Lewis contends the only difference in this practice and that of machines in an arcade for children that reward high scores with additional play is the former keep track of a right to additional play by a paper ticket while the latter employ paperless electronic score keeping. This distinction, complains Lewis, is "hyper technical."

Whether the practice of awarding tickets by a gaming machine that are then converted to cash for additional play comes within the section 47.01(4)(B) exception in a civil forfeiture proceeding was before the Texas Supreme Court in *Hardy.* 102 S.W.3d 123. According to the facts of *Hardy,* tickets awarded by a gaming machine could be exchanged

---

[8] The exception provided by Paragraph B reads:

A "gambling device" is not an:

electronic, electromechanical, or mechanical contrivance designed, made, and adapted solely for bona fide amusement purposes if the contrivance rewards the player exclusively with noncash merchandise prizes, toys, or novelties, or a representation of value redeemable for those items, that have a wholesale value available from a single play of the game or device of not more than 10 times the amount charged to play the game or device once or $ 5, whichever is less.

Tex. Penal Code Ann. § 47.01(4)(B) (Vernon 2003).

18

through a game room attendant for cash to play another machine. *Id.* at 132. In deciding the applicability of the section 47.01(4)(B) exclusion, the Court held:

> This practice of exchanging tickets for cash . . . removes the machines from the section 47.01(4)(B) exclusion. While additional play in itself is not proscribed, when that additional play is accomplished by providing cash to play other machines, the statutory exclusion is not satisfied. The exclusion requires that the machine at issue reward the player "*exclusively* with noncash merchandise prizes, toys, or novelties, or a representation of value redeemable for those items." Tex. Penal Code § 47.01(4)(B) (emphasis added). Under the statute, once cash is awarded, it does not matter whether the player deposited the cash directly into the machine or whether an attendant performed this task. Cash to be used for play on another machine is not a noncash merchandise prize, toy, or novelty. If tickets are exchanged for cash, regardless of whether that cash is used to play another machine, the exclusion does not apply.

*Id.* We find *Hardy* controls disposition of Lewis's legal argument in this issue. While Lewis contends *Hardy* is overly technical, the holdings of the Texas Supreme Court nonetheless are binding on this court. *See In re K.M.S.,* 91 S.W.3d 331, 331 (Tex. 2002) (pointing out courts of appeals are not free to disregard opinions of Texas Supreme Court). The trial court did not err in denying Lewis's motion for directed verdict. We overrule Lewis's sixth issue.

Issue Seven - Authority of Attorney for State

In his seventh issue Lewis contends the criminal district attorney for Randall County was without authority to prosecute the case because art. 18.18(b) places all prosecutorial responsibility on the magistrate. Lewis presented the contention in the trial court by means of motion pursuant to Rule of Civil Procedure 12, which authorizes a party by sworn motion

filed in the trial court to challenge the authority of an attorney to prosecute or defend an action. Tex. R. Civ. P. 12; *see Angelina County v. McFarland,* 374 S.W.2d 417, 422 (Tex. 1964) (describing operation of rule).

Although the record shows Lewis filed his Rule 12 motion, it does not show the trial court ruled on the motion. Moreover, the motion would appear to have been untimely, since it was filed almost three months after trial. No error with respect to the motion is preserved for our review. Tex. R. App. P. 33.1(a)(2). We overrule Lewis's seventh issue.

The State's Cross-Appeal

The State filed a notice of appeal and asserts by cross-appeal that Judge Moore abused his discretion by denying its request for attorney's fees and costs at the February 1, 2008, hearing of Lewis's "Fourth Supplemental and Amended Motion to Recuse." For its requested award of attorney's fees and costs, the State relies on Civil Practice and Remedies Code section 30.016(c) which provides:

> A judge hearing a tertiary recusal motion against another judge who denies the motion shall award reasonable and necessary attorney's fees and costs to the party opposing the motion. The party making the motion and the attorney for the party are jointly and severally liable for the award of fees and costs. The fees and costs must be paid before the 31st day after the date the order denying the tertiary recusal motion is rendered, unless the order is properly superseded.

Tex. Civ. Prac. & Rem. Code Ann. § 30.016(c) (Vernon 2008).

At the February 1 hearing, Judge Moore denied Lewis's recusal motion. The State presented evidence of attorney's fees and costs expended and the court expressly found

$675 was a reasonable attorney's fee and $1.23 a reasonable cost for responding to the motion. Lewis presented no controverting evidence. The court, however, denied the State's request for attorney's fees and costs.

The record reveals Lewis's "Fourth Supplemental and Amended Motion to Recuse" was the sixth recusal motion he filed against Judge Board. The February 1 hearing was of a tertiary recusal motion. Tex. Civ. Prac. & Rem. Code Ann. § 30.016(a) (Vernon 2008). The term "shall" as used by statute is generally recognized as "mandatory, creating a duty or obligation." *See Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex. 2001) (*citing* Tex. Gov't Code Ann. § 311.016(2)). Because Judge Moore denied the requested recusal of the trial court judge an award of reasonable and necessary attorney's fees was mandatory. The refusal to grant the requested attorney's fees and costs was an abuse of discretion. *See, e.g., In re Am. Homestar of Lancaster, Inc.,* 50 S.W.3d 480, 483 (Tex. 2001) (trial court has no discretion in applying law to facts and failure to correctly apply law is abuse of discretion). We sustain the State's single issue on cross-appeal.

## Conclusion

Judge Moore's order denying attorney's fees and costs is reversed and in accordance with statute we order that the State recover from Lewis and his attorney, jointly and severally, the sums of $676.23 for attorney's fees and $1.23 for costs. The sums awarded shall be paid before the 31st day after the day of this opinion unless properly superseded. *See* Tex. Civ. Prac. & Rem. Code Ann. § 30.016(c) (Vernon 2008).

Otherwise, having overruled each of Lewis's issues we affirm the judgment of the trial court and affirm the orders of Judge Moore denying recusal of Judge Board.


James T. Campbell
Justice