NO. 07-09-00383-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 11, 2011

_____

THE STATE OF TEXAS, APPELLANT

v.

FORTY-TWO (42) GAMBLING DEVICES, AND THIRTY-
SEVEN THOUSAND EIGHTY-ONE DOLLARS AND
EIGHTY-NINE CENTS ($37,081.89) IN UNITED STATES
CURRENCY, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 89,859-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

The State appeals an order dismissing the underlying forfeiture case for want of prosecution. Finding no abuse of discretion by the trial court, we will affirm.

Background

In May 2002, the State initiated a proceeding seeking forfeiture of asserted gambling devices and gambling proceeds.[1] The real parties in interest, Mike Lewis and

_____

[1] *See* Tex. Code Crim. Proc. Ann. art. 18.18 (West Supp. 2010).

Ryan Lewis (Lewis), filed an answer the next month. Lewis made written demand for trial by jury and paid the requisite fee. The State filed a motion for summary judgment in July 2003. The motion was set for hearing in August 2003, but the hearing was continued by the trial court to an unspecified date.

In January 2004, Lewis moved for summary judgment. The State's motion remained pending. Although it contains no ruling on the summary judgment motions, the record indicates the trial court denied both motions. A docket sheet entry in September 2004 states the case was placed on the dismissal docket. No motion to retain or order retaining the case follows in the record.

Inactivity in the case followed until the court issued a show cause order in July 2005, setting a trial date of August 19, 2005. Between August 5 and August 11, Lewis filed what the State characterizes "a number of dilatory motions." The filings included a motion for continuance and a motion for recusal of the trial judge. Lewis withdrew the recusal motion on August 11, and this was recognized by an August 25 order.[2]

The record reflects no activity in the case during 2006, nor before May of 2007, when it again was placed on a dismissal docket. In a motion to retain filed May 29, the State expressed its readiness for trial and requested a trial setting. By a July 23, 2007 order, the court retained the case and set it for trial in February 2008.

During December 2007 and January 2008, Lewis filed five motions including a second motion to recuse the trial judge. This recusal motion was granted by order of an

---

[2] Although not specified by order in the record, it appears Lewis's recusal motion caused the August 19 setting to be vacated. *See* Tex. R. Civ. P. 18a(c).

assigned judge on June 20, 2008. And by order signed June 25, but effective September 1, the regional presiding administrative judge assigned the Honorable H. Bryan Poff responsibility for presiding over the case.

After Judge Poff's assignment, the record reflects no activity in the case for some fourteen months, until October 28, 2009, when Lewis filed a motion to dismiss for want of prosecution grounded on the inherent power of the court to manage its docket and Rule of Civil Procedure 165a(2). In a response, the State indicated it was ready for trial and argued it previously requested a trial setting and, according to Rule of Civil Procedure 245, was not required to make a subsequent request. Following a November 4 hearing, Judge Poff dismissed the case for want of prosecution. The order of dismissal does not recite the grounds for dismissal. The State filed a verified motion to reconsider which was overruled by operation of law.

Analysis

The State brings two issues on appeal. First, it asserts dismissal for want of prosecution was an abuse of discretion because it complied with Rule 245. Second, it contends Lewis invited error by filing a "spate of dilatory motions" resulting in trial delay. Because of their interrelation, we will discuss the issues jointly.

We review a trial court's grant of a motion to dismiss for want of prosecution under an abuse of discretion standard. *In re Fifty-One Gambling Devices*, 298 S.W.3d 768, 773 (Tex.App.—Amarillo 2009, pet. denied); *Christian v. Christian,* 985 S.W.2d 513, 514 (Tex.App.—San Antonio 1998, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules or

3

principles. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). The burden of proof rests on a litigant asserting an abuse of discretion because there is a presumption that the action of the trial court was justified. *FDIC v. Kendrick,* 897 S.W.2d 476, 479 (Tex.App.--Amarillo 1995, no writ). If the order of dismissal does not specify the ground for dismissal we will affirm on any authorized ground for dismissal supported by the record. *See Rampart Capital Corp. v. Maguire,* 974 S.W.2d 195, 197 (Tex.App.--San Antonio 1998, pet. denied) (discussing burden of appellant challenging denial of motion to reinstate if order of dismissal is silent on basis for dismissal).

A trial court is authorized to dismiss a case for want of prosecution by Rule 165a and by exercise of its inherent power to manage its docket. *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex. 1999). Under Rule 165a(2) a case may be dismissed if it is "not disposed of within the time standards promulgated by the Supreme Court . . . ." Tex. R. Civ. P. 165a(2). District and statutory county court judges should finally dispose of all civil jury cases (other than family law cases) within eighteen months of appearance day. Tex. R. Jud. Admin. 6(b)(1), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F-Appendix (West Supp. 2010). Through the exercise of its inherent power to manage its docket, a trial court may dismiss a case that has not been prosecuted with due diligence. *Ozuna v. Southwest Bio-Clinical Labs.,* 766 S.W.2d 900, 901 (Tex.App.--San Antonio 1989, writ denied), *disapproved on other grounds by Villarreal,* 994 S.W.2d at 633; *Rampart Capital Corp.* 974 S.W.2d at 197.

4

The State points to Rule 245's language providing that when a case previously has been set for trial, the court may reset it to a later date on any reasonable notice to the parties. Tex. R. Civ. P. 245. But the State cites no authority for its contention the operation of Rule 245 precludes dismissal of a case when it has once been set for trial, and we are aware of none. We cannot agree that a representation of readiness for trial alone relieves a plaintiff of responsibility to prosecute its case diligently or within the applicable time standard, on peril of dismissal. *See Knight v. Trent,* 739 S.W.2d 116, 118 (Tex.App.--San Antonio 1987, no writ), *disapproved on other grounds by Villarreal,* 994 S.W.2d at 633 (plaintiff bears burden of prosecuting case with due diligence); *Sustala v. El-Romman,* 712 S.W.2d 164, 166 (Tex.App.--Houston [14th Dist.] 1985, writ ref'd n.r.e.) (case subject to dismissal even if plaintiff represents no intention to abandon suit and current readiness for trial).

Moreover, the State's contention runs counter to established case law holding that when resolving a question of diligent prosecution, a court may consider the entire history of the litigation, and no single factor controls the analysis. *Ozuna,* 766 S.W.2d at 902; *see Straus v. Auto Mgmt.,* No. 01-07-0158-CV, 2010 Tex. App. Lexis 541, at *4 (Tex.App.--Houston [1st Dist.] Jan. 28, 2010, no pet.) (mem. op.); *Herrera v. Rivera,* 281 S.W.3d 1, 6 (Tex.App.--El Paso 2005, no pet.); *In re Marriage of Seals,* 83 S.W.3d 870, 874 (Tex.App.--Texarkana 2002, no pet.); *Lopez v. Harding,* 68 S.W.3d 78, 80 n.2 (Tex.App.--Dallas 2001, no pet.).

The State cites also our opinion in *Moore v. Armour & Co., Inc.*, 660 S.W.2d 577 (Tex.App.—Amarillo 1983, no writ). There, after the filing of a motion to dismiss for lack

5

of prosecution, plaintiff Moore employed new counsel, who asked the court to set the case for trial. The court set the case for trial during the week of September 8, 1981, and Moore announced ready at the September 4 docket call. Because the case was eighth on the jury docket, however, it was not reached for trial that week. A few days later, on September 18, the trial court heard and granted the motion to dismiss for lack of prosecution. On appeal, we reversed, finding dismissal of the case after Moore announced ready, secured a trial setting and stood ready to go to trial, was an abuse of discretion. *Id.* at 578. *Moore* is readily distinguishable from the case at bar. The court here did not dismiss the State's forfeiture action a few days after having set it for trial and hearing the plaintiff's announcement of ready, but after a lengthy period of inactivity.

The State further posits the trial court abused its discretion by allowing Lewis to delay final disposition through numerous motions and then reap the benefit of dismissal for want of prosecution. According to the State, this amounts to "invited error" by Lewis. "The invited error doctrine applies to situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal." *In re Dep't of Family & Protective Servs.,* 273 S.W.3d 637, 646 (Tex. 2009) (citing *Tittizer v. Union Gas Corp.,* 171 S. W.3d 857, 862 (Tex. 2005)). In other words, "a party cannot complain on appeal that the trial court took a specific action that the complaining party requested . . . ." *Tittizer,* 171 S.W.3d at 862. Here, Lewis does not complain on appeal of the trial court's ruling. The invited error doctrine has no application in this appeal.

Although it is not clearly indicated by the record, we discern the August 2005 and February 2008 trial settings were vacated because Lewis filed recusal motions. *See* Tex. R. Civ. P. 18a(c) (prior to further proceedings, judge shall recuse or request presiding judge to assign judge to hear motion). The State argues the facts here are no different from those of *In re Fifty-One Gambling Devices* where we found the trial court did not abuse its discretion by denying a motion to dismiss for want of prosecution. 298 S.W.3d 768. We disagree. In the present matter, prosecution was no doubt delayed by Lewis's two recusal motions, the second of which was successful, but the delays do not explain the significant periods of inactivity, including the period immediately before the dismissal. Just as the trial court did not abuse its discretion by denying the motion in *Fifty-One Gambling Devices*, it did not abuse it by granting the motion here. Some evidence supported the trial court's action there, and the same is true here. *See Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 211 (Tex. 2002) (if some evidence reasonably supports trial court's decision, there is no abuse of discretion).

On this record, the trial court could have found an unreasonable delay in prosecution of the case occurred when it was not disposed of within the time standards promulgated by the supreme court. Tex. R. Civ. P. 165a(2). The court further could have found the State's explanation for delay based on Rule 245 and the invited error doctrine insufficient. *See Maughan v. Employees Ret. Sys. of Tex.,* No. 03-07-0604-CV, 2008 Tex. App. Lexis 5822, at *9 (Tex.App.--Austin Aug. 1, 2008, no pet.) (mem. op.) (trial court may dismiss case pending longer than supreme court's time frames if plaintiff fails to show good cause for delay); *3V, Inc. v. JTS Enterprises, Inc.,* 40 S.W.3d 533, 541 (Tex.App.--Houston 14th Dist. 2000, no pet.) (when unreasonable delay in

7

prosecution of case occurs, presumed that case has been abandoned; if delay is not sufficiently explained, presumption of abandonment is conclusive and case will be dismissed) (citations omitted).

Moreover, in considering the entire history of the case the trial court could take into account the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for delay. *City of Houston v. Robinson,* 837 S.W.2d 262, 264 (Tex.App.--Houston [1st Dist.] 1992, no writ). *See Douglas v. Douglas,* No. 01-06-0925-CV, 2008 Tex. App. Lexis 9031, at *4-*5 (Tex.App.--Houston [1st Dist.] Dec. 4, 2008, pet. denied) (mem. op.) (case on file for eight months properly dismissed under exercise of trial court's inherent power when record showed limited activity and no request for a trial setting). Given the complete history of the present case including the explanation offered for its delayed prosecution, we conclude also it was not an abuse of discretion for the trial court to dismiss the case through an exercise of its inherent power.

We overrule the State's two issues on appeal, and affirm the judgment of the trial court.

James T. Campbell
Justice

8