NO. 07-09-00383-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MARCH
11, 2011

 



 

THE STATE OF TEXAS, APPELLANT

 

v.

 

FORTY-TWO (42) GAMBLING DEVICES, AND THIRTY-SEVEN THOUSAND EIGHTY-ONE
DOLLARS AND EIGHTY-NINE CENTS ($37,081.89) IN UNITED STATES CURRENCY, APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF
POTTER COUNTY;

 

NO. 89,859-B; HONORABLE JOHN B. BOARD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            The
State appeals an order dismissing the underlying forfeiture case for want of
prosecution.  Finding no abuse of
discretion by the trial court, we will affirm.

Background

            In
May 2002, the State initiated a proceeding seeking forfeiture of asserted
gambling devices and gambling proceeds.[1]  The real parties in interest, Mike Lewis and
Ryan Lewis (Lewis), filed an answer the next month.  Lewis made written demand for trial by jury
and paid the requisite fee.  The State
filed a motion for summary judgment in July 2003.  The motion was set for hearing in August
2003, but the hearing was continued by the trial court to an unspecified date.  

            In
January 2004, Lewis moved for summary judgment. 
The State’s motion remained pending. 
Although it contains no ruling on the summary judgment motions, the
record indicates the trial court denied both motions.  A docket sheet entry in September 2004 states
the case was placed on the dismissal docket. 
No motion to retain or order retaining the case follows in the record.

Inactivity in the case followed until
the court issued a show cause order in July 2005, setting a trial date of
August 19, 2005.  Between August 5 and
August 11, Lewis filed what the State characterizes “a number of dilatory
motions.”  The filings included a motion
for continuance and a motion for recusal of the trial judge.  Lewis withdrew the recusal motion on August
11, and this was recognized by an August 25 order.[2]  

The record reflects no activity in the
case during 2006, nor before May of 2007, when it
again was placed on a dismissal docket. 
In a motion to retain filed May 29, the State expressed its readiness
for trial and requested a trial setting. 
By a July 23, 2007 order, the court retained the case and set it for
trial in February 2008.

During December 2007 and January
2008, Lewis filed five motions including a second motion to recuse
the trial judge.  This recusal motion was
granted by order of an assigned judge on June 20, 2008.  And by order signed June 25, but effective
September 1, the regional presiding administrative judge assigned the Honorable
H. Bryan Poff responsibility for presiding over the
case.

After Judge Poff’s
assignment, the record reflects no activity in the case for some fourteen
months, until October 28, 2009, when Lewis filed a motion to dismiss for want
of prosecution grounded on the inherent power of the court to manage its docket
and Rule of Civil Procedure 165a(2).  In
a response, the State indicated it was ready for trial and argued it previously
requested a trial setting and, according to Rule of Civil Procedure 245, was
not required to make a subsequent request. 
Following a November 4 hearing, Judge Poff
dismissed the case for want of prosecution. 
The order of dismissal does not recite the grounds for dismissal.  The State filed a verified motion to
reconsider which was overruled by operation of law.  

Analysis

The State brings two issues on
appeal.  First, it asserts dismissal for
want of prosecution was an abuse of discretion because it complied with Rule
245.  Second, it contends Lewis invited
error by filing a “spate of dilatory motions” resulting in trial delay. Because
of their interrelation, we will discuss the issues jointly.

            We
review a trial court’s grant of a motion to dismiss for want of prosecution
under an abuse of discretion standard.  In re Fifty-One Gambling Devices, 298
S.W.3d 768, 773 (Tex.App.—Amarillo 2009, pet.
denied); Christian v. Christian, 985
S.W.2d 513, 514 (Tex.App.—San Antonio 1998, no pet.).  A trial court abuses its discretion when it
acts arbitrarily or unreasonably, without reference to any guiding rules or
principles.  Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990) (citing Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985)).  The
burden of proof rests on a litigant asserting an abuse of discretion because
there is a presumption that the action of the trial court was justified.  FDIC v. Kendrick, 897 S.W.2d 476, 479 (Tex.App.--Amarillo
1995, no writ).  If the order of
dismissal does not specify the ground for dismissal we will affirm on any
authorized ground for dismissal supported by the record.  See Rampart Capital Corp. v.
Maguire, 974 S.W.2d 195, 197 (Tex.App.--San
Antonio 1998, pet. denied) (discussing burden of appellant challenging denial
of motion to reinstate if order of dismissal is silent on basis for dismissal).

            A
trial court is authorized to dismiss a case for want of prosecution by Rule
165a and by exercise of its inherent power to manage its docket.  Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630
(Tex. 1999).  Under Rule 165a(2) a case may be dismissed if it is “not disposed of
within the time standards promulgated by the Supreme Court . . . .”  Tex. R. Civ. P. 165a(2).  District and statutory county court judges
should finally dispose of all civil jury cases (other than family law cases)
within eighteen months of appearance day. 
Tex. R. Jud. Admin.
6(b)(1), reprinted
in Tex. Gov’t Code Ann., tit. 2,
subtit. F-Appendix (West
Supp. 2010).  Through the exercise
of its inherent power to manage its docket, a trial court may dismiss a case
that has not been prosecuted with due diligence.  Ozuna v. Southwest
Bio-Clinical Labs., 766 S.W.2d 900, 901 (Tex.App.--San
Antonio 1989, writ denied), disapproved
on other grounds by Villarreal, 994 S.W.2d at 633; Rampart Capital Corp. 974 S.W.2d at 197.  

            The
State points to Rule 245’s language providing that when a case previously has
been set for trial, the court may reset it to a later date on any reasonable
notice to the parties.  Tex. R. Civ. P.
245.  But the State cites no authority
for its contention the operation of Rule 245 precludes dismissal of a case when
it has once been set for trial, and we are aware of none.  We cannot agree that a representation of
readiness for trial alone relieves a plaintiff of responsibility to prosecute
its case diligently or within the applicable time standard, on peril of
dismissal.  See Knight v. Trent, 739 S.W.2d 116, 118 (Tex.App.--San
Antonio 1987, no writ), disapproved on
other grounds by Villarreal, 994 S.W.2d at 633 (plaintiff bears burden of
prosecuting case with due diligence); Sustala v. El-Romman, 712
S.W.2d 164, 166 (Tex.App.--Houston [14th Dist.] 1985,
writ ref’d n.r.e.) (case subject to dismissal even if plaintiff represents no
intention to abandon suit and current readiness for trial).

Moreover, the State’s contention runs
counter to established case law holding that when resolving a question of
diligent prosecution, a court may consider the entire history of the
litigation, and no single factor controls the analysis.  Ozuna, 766 S.W.2d
at 902; see Straus v. Auto Mgmt., No. 01-07-0158-CV, 2010 Tex. App. Lexis 541,
at *4 (Tex.App.--Houston [1st Dist.] Jan. 28, 2010, no pet.) (mem. op.); Herrera v.
Rivera, 281 S.W.3d 1, 6 (Tex.App.--El Paso 2005,
no pet.); In re Marriage of Seals, 83
S.W.3d 870, 874 (Tex.App.--Texarkana 2002, no pet.); Lopez v. Harding, 68 S.W.3d 78, 80 n.2 (Tex.App.--Dallas 2001, no pet.).

The State cites also our opinion in Moore v. Armour
& Co., Inc., 660 S.W.2d 577 (Tex.App.—Amarillo
1983, no writ).  There, after the filing
of a motion to dismiss for lack of prosecution, plaintiff Moore employed new
counsel, who asked the court to set the case for trial.  The court set the case for trial during the
week of September 8, 1981, and Moore announced ready at the September 4 docket
call.  Because the case was eighth on the
jury docket, however, it was not reached for trial that week.  A few days later, on September 18, the trial
court heard and granted the motion to dismiss for lack of prosecution.  On appeal, we reversed, finding dismissal of
the case after Moore announced ready, secured a trial setting and stood ready
to go to trial, was an abuse of discretion. 
Id. at 578.  Moore
is readily distinguishable from the case at bar.  The court here did not dismiss the State’s
forfeiture action a few days after having set it for trial and hearing the
plaintiff’s announcement of ready, but after a lengthy period of inactivity.

            The
State further posits the trial court abused its discretion by allowing Lewis to
delay final disposition through numerous motions and then reap the benefit of
dismissal for want of prosecution. 
According to the State, this amounts to “invited error” by Lewis. “The
invited error doctrine applies to situations where a party requests the court
to make a specific ruling, then complains of that
ruling on appeal.”  In re Dep’t of Family & Protective Servs., 273 S.W.3d 637,
646 (Tex. 2009) (citing Tittizer v. Union Gas Corp., 171 S. W.3d 857,
862 (Tex. 2005)).  In other words, “a
party cannot complain on appeal that the trial court took a specific action
that the complaining party requested . . . .” 
Tittizer, 171 S.W.3d at 862.  Here, Lewis does not complain on appeal of
the trial court’s ruling.  The invited
error doctrine has no application in this appeal.  

Although it is not clearly indicated
by the record, we discern the August 2005 and February 2008 trial settings were
vacated because Lewis filed recusal motions. 
See Tex. R. Civ. P. 18a(c)
(prior to further proceedings, judge shall recuse or
request presiding judge to assign judge to hear motion).  The State argues the facts here are no
different from those of In re Fifty-One
Gambling Devices where we found the trial court did not abuse its
discretion by denying a motion to dismiss for want of prosecution.  298 S.W.3d 768.  We
disagree.  In the present matter,
prosecution was no doubt delayed by Lewis’s two recusal motions, the second of
which was successful, but the delays do not explain the significant periods of
inactivity, including the period immediately before the dismissal.  Just as the trial court did not abuse its
discretion by denying the motion in Fifty-One
Gambling Devices, it did not abuse it by granting the motion here.  Some evidence supported the trial court’s
action there, and the same is true here. 
See Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211
(Tex. 2002) (if some evidence reasonably supports trial court’s decision, there
is no abuse of discretion).  

On this record, the trial court could
have found an unreasonable delay in prosecution of the case occurred when it
was not disposed of within the time standards promulgated by the supreme court.  Tex.
R. Civ. P. 165a(2). 
The court further could have found the State’s explanation for delay
based on Rule 245 and the invited error doctrine insufficient.  See Maughan v. Employees Ret. Sys. of
Tex., No. 03-07-0604-CV, 2008 Tex. App. Lexis 5822, at *9 (Tex.App.--Austin Aug. 1, 2008, no pet.) (mem. op.) (trial court may dismiss
case pending longer than supreme court’s time frames if plaintiff fails to show
good cause for delay); 3V, Inc. v. JTS
Enterprises, Inc., 40 S.W.3d 533, 541 (Tex.App.--Houston
14th Dist. 2000, no pet.) (when unreasonable delay in
prosecution of case occurs, presumed that case has been abandoned; if delay is
not sufficiently explained, presumption of abandonment is conclusive and case
will be dismissed) (citations omitted).    

Moreover, in considering the entire
history of the case the trial court could take into account the length of time
the case was on file, the amount of activity in the case, the request for a
trial setting, and the existence of reasonable excuses for delay.  City of Houston v. Robinson, 837 S.W.2d 262, 264 (Tex.App.--Houston [1st Dist.] 1992, no writ).  See
Douglas v. Douglas, No. 01-06-0925-CV, 2008 Tex. App. Lexis 9031, at *4-*5
(Tex.App.--Houston [1st Dist.] Dec.
4, 2008, pet. denied) (mem.
op.) (case on file for eight months properly dismissed
under exercise of trial court’s inherent power when record showed limited
activity and no request for a trial setting). 
Given the complete history of the present case including the explanation
offered for its delayed prosecution, we conclude also it was not an abuse of
discretion for the trial court to dismiss the case through an exercise of its
inherent power.

We overrule the State’s two issues on
appeal, and affirm the judgment of the trial court.

                                                                                                James
T. Campbell

                                                                                                            Justice

 

            











[1] See Tex. Code Crim. Proc. Ann. art.
18.18 (West Supp. 2010).





[2]  Although not
specified by order in the record, it appears Lewis’s recusal motion caused the
August 19 setting to be vacated.  See Tex. R. Civ. P. 18a(c).