**In re Miguel Angel Gonzalez GUILBOT, Relator.**

**No. 14–11–00411–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 14, 2011.

Armando Lopez, Houston, for appellant.

Hector Garcia Longoria, Houston, for appellee.

Panel consists of Justices ANDERSON, BROWN, and CHRISTOPHER.

**OPINION**

PER CURIAM.

On May 10, 2011, relator, Miguel Angel Gonzalez Guilbot ("Guilbot"), filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex.R.App. P. 52. Guilbot asks this court compel the Honorable Mike Wood, presiding judge of Probate Court No. 2 of Harris County, to vacate his order of April 13, 2011, and proceed no further in this case.

On April 12, 2011, Guilbot filed a motion to recuse Judge Wood. On April 13, 2011, Judge Wood signed an order compelling Guilbot and his co-defendants to produce discovery documents and submit themselves for oral depositions. Guilbot claims the order is void because a motion to recuse Judge Wood was pending.

The record reflects the April 13th motion to recuse Judge Wood is a tertiary recusal motion. *See Gonzalez v. Guilbot,*

315 S.W.3d 533, 541 (Tex.2010) (section 30.016[1] applies to a third recusal motion filed by the same party against any judge); and *In re Fifty–One Gambling Devices Twenty Six Thousand Eight Hundred Eighty Dollars in United States Currency,* 298 S.W.3d 768, 772 (Tex.App.-Amarillo 2009, pet. denied) (tertiary recusal motion means a third or subsequent motion for recusal filed against a judge by the same party). Because the motion is a tertiary recusal motion, Judge Wood retained authority to act. *See Gonzalez,* 315 S.W.3d at 541; *In re Fifty–One Gambling Devices,* 298 S.W.3d at 772; and Tex. Civ. Prac. & Rem.Code Ann. § 30.016(b) (Vernon 2008). Accordingly, the order is not void and Judge Wood is not prohibited from acting in this case. The petition for writ of mandamus is denied.

In their response, the real parties in interest request sanctions against Guilbot and his attorney, alleging relator filed a "groundless petition wrought with gross misstatements and omissions brought solely to delay the post-judgment discovery process." *See* Tex.R.App. P. 52.11. The request is denied.

---

1. Tex. Civ. Prac. & Rem.Code § 30.016 (Vernon 2008).