Petition for Writ of Mandamus Denied and Opinion filed
June 14, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00411-CV

____________

 

IN RE MIGUEL ANGEL GONZALEZ GUILBOT, Relator

 

 

                                                                 ORIGINAL PROCEEDING

WRIT OF MANDAMUS

Probate Court No. 2

Harris County, Texas

Trial Court Cause No. 344,157-401

 

 

                                                                           O P I N I O N

           
On May 10, 2011, relator, Miguel Angel Gonzalez Guilbot (“Guilbot”), filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code §
22.221; see also Tex. R. App. P. 52.  Guilbot asks this court
compel the Honorable Mike Wood, presiding judge of Probate Court No. 2 of
Harris County, to vacate his order of April 13, 2011, and proceed no further in
this case.

               
On April 12, 2011, Guilbot filed a motion to recuse Judge Wood. On April 13,
2011, Judge Wood signed an order compelling Guilbot and his co-defendants to
produce discovery documents and submit themselves for oral depositions. 
Guilbot claims the order is void because a motion to recuse Judge Wood was
pending.

               
The record reflects the April 13th motion to recuse Judge Wood is a tertiary
recusal motion.  See Gonzalez v. Guilbot, 315 S.W.3d 533, 541 (Tex.
2010) (section 30.016[1]
applies to a third recusal motion filed by the same party against any judge);
and In re Fifty-One Gambling Devices Twenty Six Thousand Eight Hundred
Eighty Dollars in United States Currency, 298 S.W.3d 768, 772 (Tex. App. –
Amarillo 2009, pet. denied) (tertiary recusal motion means a third or
subsequent motion for recusal filed against a judge by the same party). 
Because the motion is a tertiary recusal motion, Judge Wood retained authority
to act.  See Gonzalez, 315 S.W.3d at 541; In re Fifty-One
Gambling Devices, 298 S.W.3d at 772; and Tex. Civ. Prac. & Rem. Code
Ann. § 30.016(b) (Vernon 2008).  Accordingly, the order is not void and
Judge Wood is not prohibited from acting in this case.  The petition for
writ of mandamus is denied. 

In their
response, the real parties in interest request sanctions against Guilbot and
his attorney, alleging relator filed a “groundless petition wrought with gross
misstatements and omissions brought solely to delay the post-judgment discovery
process.”  See Tex. R. App. P. 52.11.  The request is denied.

 

                                                                       
PER CURIAM

 

Panel consists of Justices Anderson,
Brown, and Christopher.














[1]
Tex. Civ. Prac. & Rem. Code § 30.016 (Vernon 2008).